By the Court—Moncrief, J.
This action is brought to recover commissions upon sales of the goods of the defendants made by the plaintiff during the period commencing on the first day of January, 1860, and ending on the 23d day of November, 1860. If, upon the evidence given at the trial, the verdict of the Jury in favor of the plaintiff would be set aside, then there was no error in dismissing the complaint.
The plaintiff testified that he entered into an engagement with the defendants in May, 1857; that he agreed to sell goods for them; that he was to have a commission of one per cent on all the goods he sold, and was to draw $100 a month'to live upon, the balance to remain until the 1st of January, and if he did not remain until the 1st of January he agreed to forfeit the balance coming to him; the commission was to be one per cent on all the goods he sold, provided he remained there.
Though he at first states that the last arrangement he made was in January, 1859, afterward he testifies: “I asked Mr. Claflin if I should continue on, and Mr. Claflin said 11 will see.’ ” Again, with reference to the engagement of the year 1860, when asked, “it was not the result of any special, contract with Mr. Claflin?” he replied, “nothing hut the one I ahvays worked on from the beginning.” And again, “I say the arrangement of 1857 continued through the whole thing”
Mr. Hatch, in November or December, 1859, had some . conversation with the plaintiff, and “ asked him what luck he, plaintiff, had had in talking with Mr. Claflin; he said he didn’t know, it was not decided,” &c., and that “ if he was sober and behaved himself he would have rvhat he had before.”
His conversation with Mr. Luff disclosed the same terms of arrangement as existed in 1857.
*267 The defendant Olaflin distinctly so testified upon his examination.
The plaintiff admitted the conversation with Mr. Hatch and Mr. Luff, but asserted that they had made a mistake in the year. It is obvious from the admissions "made by the plaintiff as to his habits, &c., that his memory of dates is not to be deemed accurate when confronted with the recollection of the two or more witnesses. They were fellow clerks, and all engaged in the store of the defendants, and seem to have been friends of the plaintiff, and manifested a most kind disposition towards^ him. To my mind it is quite clear that the evidence in the case would not have sustained a verdict in favor of the plaintiff. The plaintiff then acting under such an engagement, and having $rawn more than the amount of his salary for the whole year, on the 24th day of November, 1860, (being in a condition unfit to be around the store upon the day previous,) was discharged. On his behalf it is contended that the breach of his engagement, if any, occurred on the 23d, and being permitted to sell goods on that day was a waiver of the breach for the year; this is plainly untenable; there is neither principle or authority to be found requiring, under > such circumstances, an instantaneous recognition of the right, and action upon a claim of forfeiture. His agreement was to forfeit all claim for commissions if he did not remain until the 1st of January, 1861, “ and he left the store on the 24th” of November, 1862, and never after-wards returned to service there; the plaintiff himself admits, “there was cause enough” for his discharge. There was no waiver by the defendants allowing the plaintiff to continue at their store during the 23d of November; this would seem to have been the view entertained by the plaintiff; he made no complaint about his being discharged, no claim for commissions was made, as it would appear, until the commencement of this action (in May 1862,) and he did not offer to continue his services during the balance of the year. (Add. on Oont., 433, 436.) The error into which the learned counsel for the plaintiff has *268 fallen, in my opinion, is treating a forfeiture as occurmg on some part of the day, on the 23d of November, when in fact, by the terms of the agreement, the forfeiture arose by reason of his not remaining at the store until the first of January then next. The defendants had a right to discontinue his services, and thus prevent the plaintiff from becoming entitled to commissions, provided that sufficient cause therefor existed; there can be no pretense that the dismissal was without just cause; this case presents an unusual, almost unexampled, Christian forbearance and fraternal kindness towards the plaintiff by the defendant Mr. Claflin, and apparently followed by all the employees in the store.
The exceptions taken at the trial aré untenable, the complaint was properly dismissed, and judgment should be entered thereon for the defendants with costs.