PETER C. HART v. THOMAS W. NEWTON AND JACOB S. CRAWFORD.

*Frauds upon creditors—Domestic transfer—Charge to jury.*

Where the good faith of a transfer from a son to his father is in question in an action of replevin brought by the father to recover the property after it has been seized on an attachment against the son, it is not leading and it is proper to ask a witness who aided in the transfer, whether there was any suggestion by the parties that they were seeking to avoid creditors, or anything of that kind; it is also proper to ask the attachment debtor whether any portion of his object in making the transfer was to delay, hinder or defraud creditors.

A charge to the jury must be considered as a whole in reviewing the case, and the jury must be presumed to have had sufficient intelli-

48 MICH.—26

gence to understand the significance and application of the several propositions, and to have regarded them alike in reaching their conclusions.

Error to Macomb.   Submitted April 13.   Decided June 7.

REPLEVIN.   Defendant brings error.   Affirmed.

*A. L. Canfield* and *Crocker & Hutchins* for appellants.

*James B. Eldredge* for appellee.   A question that can be answered by yes or no is not leading: *McKeown v. Harvey* 40 Mich. 226; a party questioned as to his own conduct may be asked as to his motive: 1 Whart. Ev. §§ 482, 508; *Thacher v. Phinney* 7 Allen 148; *Lombard v. Oliver* id. 155; *Snow v. Paine* 114 Mass. 520; *Fisk v. Chester* 8 Gray 506; *Forbes v. Waller* 25 N. Y. 430; *Seymour v. Wilson* 14 N. Y. 56; *Griffin v. Marquardt* 21 N. Y. 121; *Wheeldon v. Wilson* 44 Me. 1; *Quimby v. Morrill* 47 Me. 470.

GRAVES, C. J.   Crawford sued out an attachment against George L. Hart, and Newton, acting as sheriff, levied it on certain personal property.   Peter C. Hart, the debtor's father, claimed the property as his own and brought replevin for it and recovered.   He based his title on a purchase from his son in payment of a debt due him from the latter.

The subject of controversy on the trial was the question of good faith in the alleged transfer, it being urged by the attaching creditor and the sheriff that the transaction set up as a change of title was colorable and fraudulent against creditors.   The business was arranged and executed with the assistance of a neighboring justice, and he was made a witness and examined at much length.   In the course of his examination Hart's counsel asked him if on that occasion there was any suggestion by the Harts that they were seeking to avoid creditors or anything of that kind, and the defendants objected that the question was leading and incompetent.   The reason first given was not correct, and no other was mentioned to disclose the nature of the alleged incompetency.   This is a sufficient answer to the point. But we have no doubt that the inquiry was wholly unobjec-

tionable. The manifest purpose was to ascertain whether any design was expressed to defraud or delay creditors, and this related to the very heart of the issue. The terms of the question were plain enough. No complaint was made against the answer. The attachment debtor being sworn the circuit judge allowed the plaintiffs' counsel to ask him whether in making the transfer any portion of his object was to delay, hinder or defraud creditors. This was competent. *Watkins v. Wallace* 19 Mich. 57.

Certain portions of the charge are separated from the context and objected to as conveying a wrong view of the character and measure of the evidence requisite to establish the fraud. The argument is that the instructions called for a degree of proof which was unreasonably rigid. No doubt this criticism would be warranted if the parts of the charge referred to were not qualified by other expressions. But they are so qualified, and the whole must be taken together, and the jury must be deemed to have had sufficient intelligence to understand the significance and application of the several propositions. They were told that "if the facts and circumstances satisfied them that there was fraud, they would of course find that it existed—that if the parties intended a fraud and if they meant to beat George's creditors it would be natural for them to cover their tracks in the best manner possible;" and again, that "if it was believed that the transfer was not an honest one, given and received for a fair, honest consideration and for an honest purpose, but was intended by the parties thereto to put George's property in his father's name and thus hindering, defrauding and defeating his creditors in the collection of their debts, then the transfer is fraudulent and the verdict should be for defendants."

We must assume that all the instructions were respected by the jury, these as well as the others, and if such was the case the defendants have no valid ground of complaint, and the judgment should be affirmed with costs.

The other Justices concurred.