[No. 11150. In Bank.—June 19, 1888.]

GEORGE SCHULTZ ET AL., RESPONDENTS, *v.* GEORGE D. McLEAN ET AL., APPELLANTS.

EVIDENCE—HEARSAY.—The declarations of a party to his counsel before suit brought, not made in the presence of the opposite party, are not admissible in evidence in his behalf, for the purpose of showing that the statement thus made was the same as that made by him as a witness upon the stand.

JUDGMENT.—The court should pass on the cause as to all of the defendants; and it is error to render final judgment without rendering a judgment either against or in favor of one of the defendants.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.·

The action was brought to enforce a trust in certain lands situated in San Luis Obispo County, which were alleged to have been transferred to the defendant Robinson in trust for the plaintiff, and transferred by him to the defendant McLean, at the request of the plaintiffs, as security for advances made by McLean. The complaint alleged that the defendant Robinson claimed an interest in the lands under a contract with McLean, and prayed for a decree against both of the defendants. The answer of the defendant McLean denied the existence of the trust, and claimed that the deed made to him by Robinson at the request of plaintiffs was intended to convey

an absolute title. The defendant Robinson disclaimed any interest in the lands, or in any profits to be realized from the sale thereof. Judgment was rendered in favor of the plaintiffs, from which, and from an order refusing a new trial, the defendants appealed.

*F. Adams, V. A. Gregg, T. M. Osment,* and *John Garber,* for Appellants.

*T. C. Van Ness,* and *J. A. Waymire,* for Respondents.

THORNTON, J.—The court below erred in allowing the following question to be put by plaintiffs to Waymire, their attorney in this case, who was called by them: "What statement did Schultz make to you in regard to the contract which was made between him and McLean at the time he first consulted you in regard to this suit, and before you draughted the complaint? I want to know whether the statement made to you was the same statement made here on the stand."

And also erred in admitting the answer to the foregoing question.

Schultz went to Waymire and made the statement inquired about to him in regard to his case. Neither of the defendants was present when this statement was made. If such a statement is admissible, a party can make evidence for himself. For what reason or on what ground the court admitted it we cannot conjecture.

For the foregoing error, the judgment and order denying a new trial must be reversed, and the cause remanded.

No judgment has been entered or rendered either against or in favor of defendant Robinson. The cause is not then disposed of as to him. (*Diggins* v. *Reay,* 54 Cal. 526.) The court should have passed on the cause as to all the defendants.

Judgment and order reversed, and cause remanded.

McFARLAND, J., SEARLS, C. J., McKINSTRY, J., PATERSON, J., and SHARPSTEIN, J., concurred.