(83 App. Div. 255.)

## MOWBRAY v. GOULD.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. EMPLOYMENT OF SERVANT—DISCHARGE—GROUNDS—INTOXICATION—PLEADING.
   Where a complaint in an action by a servant against his master for breach of an alleged contract of employment averred that from the time plaintiff was employed until he was discharged he duly performed the duties of his employment, and that he was discharged without cause, defendant was entitled to plead as a defense that plaintiff was discharged for intoxication, without setting up such intoxication in connection with a counterclaim or set-off for damages resulting therefrom.

2. SAME—LIFE EMPLOYMENT—IMPLIED CONDITIONS.
   Where defendant contracted to employ plaintiff as his valet for life, such contract was subject to an implied condition that plaintiff would conduct himself properly during such employment, and hence defendant was entitled to discharge plaintiff for frequent intoxication.

3. SAME—EVIDENCE—DECLARATIONS—STATEMENTS TO COUNSEL.
   In an action for breach of an oral contract for life employment, evidence as to a statement made by plaintiff to his counsel, and advice given him as to the validity of the contract, etc., was inadmissible in his own behalf.

4. SAME—HARMLESS ERROR.
   Where, in an action for breach of a contract of employment, plaintiff on cross-examination fully testified that the reason why he wrote certain letters to defendant, which were inconsistent with the existence of the contract alleged, was that he did not believe a verbal contract was enforceable, and he answered fully why he wrote nearly all of the expressions contained in the letters, the court's exclusion of evidence as to the circumstances, and plaintiff's reasons for writing such letters, on his examination in chief, was harmless.

Appeal from Trial Term, New York County.

Action by Frank D. Mowbray against Howard Gould. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 35.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

T. Darrington Semple, for appellant.
A. H. Hummel, for respondent.

PATTERSON, J.  This is the second appeal in this action.  On the first trial, the plaintiff recovered a verdict, and the judgment entered thereon was reversed by this court.  71 N. Y. Supp. 365. The action was to recover for the breach of a contract which the plaintiff alleged had been entered into between him and the defendant for the employment of the former as a valet during life.  The answer denied the making of such contract, and by an amendment of that pleading, allowed during the course of the second trial, the defendant set up as a third and further defense that on the 15th of August, 1897, and at various times prior thereto, the plaintiff became unfitted properly and efficiently to discharge the duties of his employment as valet by reason of intoxication, and was therefore discharged by the defendant on the day named.  The plaintiff was the only person called as a witness on his behalf to prove the contract.  The defendant denied that such contract ever was made, and at the trial, in support of that denial, relied on letters written him by the plaintiff which were entirely inconsistent with the claim made in the complaint.  The jury rendered a general verdict for the defendant, and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken.

The evidence on the subject of employment adduced at the second trial does not materially differ from that which appeared upon the record of the first trial.  There are only two matters now requiring consideration.  The first is the contention of the plaintiff that, assuming a contract to have been made as he alleges, his discharge and the reasons therefor were not properly pleaded; that they could not be availed of as a defense, unless the defendant set them up in connection with a counterclaim or set-off for damages resulting from the plaintiff's alleged intoxication.  It was argued that the cases of Pierce v. T. C. & I. Co., 173 U. S. 1, 19 Sup. Ct. 335, 43 L. Ed. 591, and Schell v. Plumb, 55 N. Y. 592, support that proposition.  They do not apply.  Here the complaint states that from the time of the alleged employment of the plaintiff until the day of his discharge he duly performed the duties of his employment, and that he was discharged without cause.  The answer, as amended, denies that allegation, and sets up the specific reason for the discharge.  Even if it were assumed that there had been an employment such as the plaintiff testified to, there would be annexed to it the implied condition that he would properly conduct himself while in such employment.  No different rule can be applied in this respect to a person employed under a contract for a long period than to one employed for a short term.  There was convincing evidence to show that this plaintiff was frequently intoxicated before, and was so intoxicated when he was discharged; and that is sufficient ground for discharging a servant.  Huntington v. Claflin, 10 Bosw. 262.

The plaintiff further contends that he was entitled to give evidence explaining under what circumstances and for what reasons he wrote the letters above referred to as being inconsistent with the claim that the defendant had employed him for life. He was asked when and how it was he was first advised of his legal right to sue on a verbal contract. He was allowed to, and did, answer that it was toward the end of November, 1897. He also stated by whom he was so advised. He was then asked to state whether he made at any time a statement to the counsel who so advised him of the facts of his case. An objection to that question was properly sustained. The plaintiff could not be allowed to prove his case by testifying to what transpired between himself and his own counsel. He was also asked whether he told his counsel various things. That was also properly excluded, and certain argumentative questions were then asked, which were also properly excluded. Assuming that the plaintiff had the right to show the circumstances under which the letters were written, and why he did not refer to his contract therein, but took the attitude which would indicate that no contract relations existed between him and the defendant, then it appears from the record that he fully testified as to those matters upon his cross-examination. He was asked why, if he had the alleged life contract, he wrote to the defendant asking him to find employment, and to excuse the liberty taken in writing, to which he answered that it was because he did not conceive that a verbal contract was binding according to law, that he did not know it until after he had brought suit, that he did not think a verbal contract was binding, and that he did not know anything about it until Mr. Semple came into the case. He then found that the life contract was binding according to law. He first learned from Mr. Semple that it was a life contract about a few days after he consulted with his attorney in the matter. He was asked to explain why he wrote almost all of the expressions contained in those letters, and he answered fully. The questions put to him on his redirect examination, and which were excluded, did not call for answers that would have added anything to the plaintiff's explanations.

The judgment and order appealed from should be affirmed, with costs. All concur.