[Civ. No. 84. Third Appellate District.—December 9, 1905.]

JAMES A. McMAHON et al., Respondents, v. HETCH-HETCHY AND YOSEMITE VALLEYS RAILWAY COMPANY, and WEST SIDE LUMBER COMPANY, Appellants.

ACTION FOR JOINT NEGLIGENCE—LOSS BY FIRE—JOINT VERDICT—UN-AUTHORIZED JUDGMENT.—In an action against a railway company and a lumber company jointly for loss by fire on plaintiff's land, owing to their alleged negligence in the operation of a railway so as to cause sparks to set fire to combustible material negligently permitted by them to remain on the track and right of way, where the lumber company defendant denied participation in the operation of the railway, and both defendants took issue with the other allegations, a verdict for the plaintiffs must be deemed against both defendants as joint tort-feasors, and the judgment must correspond therewith. The clerk had no authority to enter judgment on the verdict against the railway company only, regardless of the fact that the evidence did not warrant the joint verdict.

ID.—POWER OF APPELLATE COURT—VERDICT AGAINST EVIDENCE—NEW TRIAL.—If the verdict is against the evidence, the appellate court cannot correct the verdict, but will remand the cause for a new trial.

ID.—OMISSION TO FIND AGAINST ONE DEFENDANT—MISTRIAL.—If the verdict be construed as intended to find only on the issues presented by the railway company defendant, then the omission of the jury to find on the issues presented by the lumber company defendant would be a mistrial, which could only be remedied by a retrial. There must be a finding or verdict for or against each defendant.

ID.—EVIDENCE—EMISSION OF SPARKS.—Evidence was admissible to show that, about the time of the fire, or a little before, sparks were emitted from the engines of the railway company.

ID.—NEGLIGENCE IN ACCUMULATION OF COMBUSTIBLE MATERIAL—AP-PLIANCES TO PREVENT SPARKS.—If the defendants negligently allowed combustible material to accumulate upon their track and right of way and a spark from one of their locomotives set it on fire, the use of the best appliances to prevent the escape of sparks would not excuse such negligence.

ID.—BURDEN OF PROOF—ERROR IN REFUSING INSTRUCTION.—It was error to refuse an instruction that the plaintiffs were bound to prove the cause of action stated in their complaint.

ID.—INSTRUCTIONS PROPERLY REFUSED—DUTY OF RAILROAD COMPANY AS TO REASONABLE CARE.—Instructions requested by the defendants which entirely ignored the rule that a railroad company must use reasonable diligence and care in preventing a fire occasioned by sparks from spreading from their right of way to adjoining lands were properly refused.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial.   G. W. Nicol. Judge.

The facts are stated in the opinion of the court.

F. P. Otis, for Appellants.

E. W. Holland, for Respondents.

McLAUGHLIN, J.—This is an action to recover damages resulting from a fire started by sparks from a locomotive. The complaint alleges that the defendants negligently permitted dry grass, leaves, and other combustible material to remain on the track and right of way of a railroad owned and operated by them, and that by reason of the negligent and careless manner in which the defendants and their servants and employees ran and managed the locomotives and cars on said railroad sparks of fire escaped from a locomotive and ignited and set fire to such combustible material, which fire spread to adjoining lands, where the property of plaintiffs was situated, and burned and destroyed said property to their damage in the sum of $809. The defendant West Side Lumber Company denied that it at any time owned or had an interest in such railroad, or was engaged in operating the same. Both defendants united in denying the other allegation of the complaint. The cause was tried before a jury, and the verdict rendered reads as follows: "We, the jury, in the above-entitled action, find a verdict in favor of the plaintiffs in the sum of $300 damages." The judgment entered by the clerk, after the usual preliminary recitals, contains a copy of the verdict, and concludes by adjudging and decreeing that the plaintiffs do have and recover of and from the Hetch-Hetchy and Yosemite Valleys Railway Company of California, one of the defendants in said action, the sum of $300, with costs. The defendants appeal from the judgment and from the order denying their motion for a new trial.

The verdict is strictly within the issues made by the pleadings; and, this being the case, the clerk had no authority to enter a judgment at variance with the verdict as recorded. ( Code Civ. Proc., sec. 664; 11 Ency. of Pl. & Pr., pp. 904,

2 Cal. App.—26

905; 18 Ency. of Pl. & Pr., pp. 429 et seq., 448, 451; *Watson*
v. *San Francisco R. R. Co.*, 50 Cal. 524; *Patochi* v. *Central
Pacific R. R.*, 52 Cal. 90.)   In entering a judgment on a ver-
dict or findings, the clerk performs a ministerial duty, and he
can neither enlarge nor abridge the scope of the judgment.
(*Crim* v. *Kessing*, 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac.
1074] ; *County of Sacramento* v. *Central Pacific R. R. Co.*,
61 Cal. 255; 18 Ency. of Pl. & Pr., p. 448.)   It is said that the
verdict does not support the view that the jury found against
both of the defendants, but unanswerable rules of logic
make it clear that it is against both or neither of them.   It
must be construed as a verdict against both, upon which a
judgment against both jointly should have been entered.
(11 Ency. of Pl. & Pr., pp. 856, 857; *McLaughlin* v. *Kelly*, 22
Cal. 222; *Winans* v. *Christy*, 4 Cal. 76, [60 Am. Dec. 597].)
The cause was at issue as to both of the defendants, and the
jury was called upon to determine the issues of fact pre-
sented by the pleadings.   (*Schultz* v. *McLean*, 76 Cal. 609,
[18 Pac. 775] ; 11 Ency. of Pl. & Pr., pp. 865, 866.)
This duty they performed, and their verdict when recorded
was conclusive evidence as to the facts in issue.   The clerk
could not change or disregard the verdict, however er-
roneous the conclusion of the jury may have seemed.   He
could not pass upon the weight or sufficiency of the evi-
dence, and enter judgment according to his idea of what
the verdict should have been.

Respondents argue that there was no evidence to estab-
lish the liability of the West Side Lumber Company, and
hence that the judgment was properly entered against the
other defendant.   Waiving the rule as to the limited au-
thority of the clerk in the premises, we cannot imagine
how the fact that there is no evidence to support the ver-
dict can aid the judgment.   The verdict was against both
defendants as joint tort-feasors, and the judgment singles
out one only as liable.   This the law will not tolerate.   If
the finding or verdict be against all defendants, and the
judgment runs against one only, the latter is clearly pre-
judiced.   A judgment must be supported by the verdict,
and manifestly this judgment is not so supported.   True,
the verdict as to the West Side Lumber Company is unsup-
ported by the evidence, but this fact simply destroys the

verdict. The jury having found by their verdict that both
defendants were jointly liable, we cannot remodel that ver-
dict or make a new one, fixing a several liability for the
whole sum on one of them. When a verdict is not sup-
ported by the evidence, the law provides several modes of
correcting the error. (Code Civ. Proc., secs. 647, 650, 652
(6), 662, 956.) In such a case appellate courts will not
make verdicts or findings contrary to the conclusion of jury
or court (*Blood* v. *La Serena Land etc. Co.,* 113 Cal. 230,
[41 Pac. 1017, 45 Pac. 252]), but will remand the cause
for a new trial. (*Maine Boys etc. Co.* v. *Boston T. Co.,*
37 Cal. 40.) Although we can see no escape from the con-
clusion that the verdict is joint, reversal must follow, even
if respondent's interpretation of its terms be accepted as
correct. If that construction be adopted, then the jury
failed to find on the issues raised by the pleadings. The
West Side Lumber Company, in common with its codefend-
ant, was entitled to a verdict or judgment one way or the
other, and, if the jury failed to find on issues presented
by that corporation, there was a mistrial. (*Schultz* v. *Mc-
Lean,* 76 Cal. 609, [18 Pac. 775]; *Rankin* v. *Central Pa-
cific R. R. Co.,* 73 Cal. 94, [15 Pac. 57].) And it is now
too late to correct the error in any other mode than by a
retrial. The court or jury may find against one or more
of several defendants. (Code Civ. Proc., sec. 579.) But
there must be a finding or verdict for or against each de-
fendant.

The evidence as to the emission of sparks by engines
about the time of the fire or a little before was admissible.
(*Liverpool Ins. Co.* v. *Southern Pac. Co.,* 125 Cal. 441,
[58 Pac. 55].) Many other alleged errors in the admis-
sion of evidence will not be noticed for reasons stated in
*People* v. *Woon Tuck Wo,* 120 Cal. 297, [52 Pac. 833],
and *Humphrey* v. *Pope,* 1 Cal. App. 374, [82 Pac. 223].
Instruction No. 1, requested by plaintiff, read as a whole,
contains a correct statement of the law. If the defendants
negligently allowed combustible material to accumulate
upon their track and right of way, and a spark from one
of their locomotives set it on fire, the use of the best of
appliances to prevent the escape of sparks would not ex-
cuse its negligence in other particulars. It was error to re-

fuse to give defendants' instruction No. 1. The plaintiffs' were bound to prove the cause of action stated in their complaint, and this instruction simply told the jury that they must prove their case. We do not deem it necessary to discuss other assignments of error in giving or refusing instructions. Suffice it to say that instructions numbered 14, 15, and 18, requested by defendants, entirely ignore the rule that a railroad company must use reasonable diligence; and care in preventing a fire occasioned by sparks from: spreading from their right of way to adjoining lands.

The judgment and order are reversed.

Chipman, P. J., and Buckles, J., concurred.