OSWOOD, Respondent, v. KRUIDINIER, Appellant.

(147 N. W. 979.)

**Evidence—Res Gestae—Dismissal of Former Action—Attorney's Statement to Client as to Stipulation.**

In a civil action for seduction under promise of marriage, in which defendant pleaded a settlement and dismissal· on the merits of a former action on the same cause of action, there being no claim that plaintiff's attorney acted wrongfully in causing her to sign the stipulation of dismissal, or that it was obtained by mistake, fraud, or deceit, the sole issue as to· former action being whether the complaint, which was lost or mislaid, stated the same cause of action, **held,** that evidence that when she signed the stipulation, in defendant's absence, her attorney told her that they settled only a bastardy proceeding, and did not settle the breach of promise action, was incompetent, and not admissible as part of the res gestae.

(Opinion filed June 29, 1914.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Sena Oswood against Perry Kruidinier, for damages for seduction under promise of marriage. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*E. T. Taubman (J. M. Earle* of counsel), for Appellant.

*Anderson & Waddell,* and *C. O. Newcomb,* for Respondent.

Appellant submitted that: The actual settlement depends upon the averments of the complaint in the former case which was settled, and these must be proved by evidence. They cannot be proved by the declarations of the party and her counsel made in defendant's absence. And cited:

Mowbray v. Gould, 82 N. Y. S. 102; Oliphant v. Liversidge, 142 Ill. 160, 27 N. E. 921, 30 N. E. 334; Cohen v. Harris (Fla.) 54 So. 905; Russell v. Tucker, 70 S. E. 1018.

Respondent submitted: That such testimony was part of the res gestae. And cited:

Elliott on Evidence, Vol. I, paragraph 222; Jones on Evidence, Sec. 344; Newton v. Hart, 12 N. W. 509.

GATES, J. This is an action for damages for seduction under promise of marriage. The answer of the defendant alleged the bringing of a former action upon the same cause of action; its settlement and the settlement of a bastardy proceeding for the consideration paid of $1,000 and the dismissal of the former action upon its merits. It appears that in March, 1911, prior to the bringing of the present action, there were pending in the circuit court within and for Brown county, three actions against this defendant; viz: a civil action which is claimed to be similar in effect to the present action; a bastardy proceeding, and a criminal action for the seduction of this plaintiff. The civil action was on March 14, 1911, dismissed upon its merits upon a stipulation signed by the plaintiff, in person, and by defendant's attorney, which recited: "The above action having been settled and compromised between the parties thereto, it is now stipulated and agreed that the same be dismissed on its merits without costs to either party." Thereupon judgment was entered in accordance therewith. The father of the plaintiff was present when this stipulation was signed. On the same day the bastardy proceed-

ing was dismissed upon its merits pursuant to a lengthy stipulation, which among other things, recited the payment of $1,000. This stipulation was likewise signed by plaintiff in person and defendant's attorney. The real difficulty in proving the defense lay in the fact that neither the original complaint in the civil action nor any copy could be produced at the trial. All of them had been lost or mislaid. The defendant had made answer to that complaint, a copy of which appears in the record. The case had been at issue about eleven months. The attorney for defendant in that case gave testimony which showed the cause of action to be similar to that in the present case. The attorney for the plaintiff in that case did not dispute such testimony but could not remember the allegations of the complaint in the former action. The plaintiff denied knowledge of the pendency of the civil action and was allowed, over the objections of defendant, to give testimony as to conversations had with her attorney in the absence of the defendant. The following excerpt from her testimony discloses the only matter that it seems necessary for us to decide, because it appears to us that the objections to the testimoney should have been sustained:

"Q. At the time you signed those exhibits, was there anything said about this being a settlement for the breach of promise action?

"A. No, sir.

"Q. At that time, what did Mr. Van Slyke say to you as to whether this did or did not settle a breach of promise action?

"Objected to by the defendant as incompetent, immaterial, and not within the issues of this case, and no proper foundation being laid, and for the further reason that it is an attempt to vary the terms of a written instrument and to vary and vacate a judgment of this court in a collateral proceeding; which objection was overruled, and exception duly taken.

"A. He said that it only settled the bastardy proceedings." * * *

"Q. Did he say as to what effect, if any, this settlement had upon your right to commence an action for breach of promise?

"Which question was objected to as incompetent, immaterial, and not within the issues of this case, and no proper foundation having been laid, and for the further reason that it is an attempt to vary the terms of a written instrument by parol and to avoid

the effect of a judgment of this court in a collateral proceeding, and for the further reason that it calls for the conclusion of the witness; which objection was overruled, and exception duly taken.

"A. He said that these two settled no breach of promise case."

Her attorney in the former civil action substantially denied that testimony.

Without doubt the admission of such testimony was extremely prejudicial to the rights of the defendant. Counsel for respondent claim that such evidence was admissible as tending to show the knowledge or state of mind of the plaintiff at the time she signed the stipulations and as part of the *res gestae* citing Hart v. Newton, 48 Mich. 401, 12 N. W. 508; McDowell v. Goldsmith, 6 Md. 319, 61 Amer. Dec. 305; Jones on Evidence, §§ 300, 344 and 350; State v. Kapelino, 20 S. D. 591, 108 N. W. 335. We think these citations have no application to the present issue. There is no claim that plaintiff's attorney in the former case acted wrongfully in causing her to sign the stipulation of dismissal, nor that the same was obtained by mistake, fraud or deceit. The only real issue under the pleadings on this branch of the case was as to the contents of the complaint in the former action. If that complaint covered the ground of the present complaint she could not recover. If it did not then she was entitled to recover in this action, if the jury so found. Upon that issue, her testimony as to what her attorney told her when she signed the stipulation was certainly incompetent. Jones on Evidence, §434; Johnston v. Spoonheim, 19 N. D. 191, 123 N. W. 830, 41 L. R. A. (N. S.) 1; Mowbray v. Gould, 83 App. Div. 255, 82 N. Y. Supp. 102; Cohen v. Harris, 61 Fla. 137, 54 So. 905; Schultz v. McLean, 76 Cal. 608, 18 Pac. 775; Oliphant v. Liversidge, 142 Ill. 160, 30 N. E. 334.

The judgment and order denying a new trial are reversed and the cause remanded for a new trial.