STATE v. JACOB BUYER.

Decided February 19, 1925.

Crimes—Breaking and Entering, &c.—Alleged Verdict Against Weight of Evidence—Case on Strict Bill of Exceptions, Not Under 136th Section of Criminal Procedure Act—Only Where Entire Record is Taken Up May This be Assigned for Error —Where Verdict Cannot be Supported as to One or More of the Crimes Charged, It Will be Upheld as to Single Good Count.

On error to Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintinff in error, *John O. Benson.*

For the state, *J. Willard De Yoe.*

PER CURIAM.

The grand jury of Passaic county presented an indictment against Buyer, the plaintiff in error, and others, containing five counts, two of them charging breaking and entering with intent to steal, one charging entering with the same intent, a fourth charging grand larceny, and a fifth charging a reception of stolen goods and chattels, with knowledge that the same had been unlawfully stolen, taken and carried away. Buyer was put on trial upon this indictment, the other parties named therein, apparently, never having been apprehended. At the close of the trial the jury returned a verdict against

him of guilty "in manner and form as by the indictment is charged against him."

The first ground upon which we are asked to set aside the conviction entered upon this verdict is that the finding of the jury was against the weight of the evidence. But this case comes before us on strict bill of exceptions, and not under the provisions of section 136 of the Criminal Procedure act; and it is only in those cases where the plaintiff in error has elected to take up the entire record with his writ of error, as provided in section 136, above referred to, that he may assign as error that the verdict was against the weight of the evidence. See statute, *Pamph. L.* 1921, *p.* 951.

The next contention is that the verdict cannot be supported because of its generality, the argument being that the proofs submitted conclusively showed that the property which had been stolen was feloniously taken by persons other than the defendant, and that, consequently, there could have been no valid conviction upon the first four counts. But it is entirely settled that where there are several counts in an indictment, each charging a distinct crime, a general verdict of guilty means a separate conviction of each separate offense, and, consequently, even if the verdict cannot be supported as to one or more of the crimes charged, it will be upheld as to the offense described in a single good count. *State* v. *Huggins,* 84 *N. J. L.* 254.

The last ground upon which we are asked to reverse the conviction is that the sentence pronounced was faulty because it did not comply with the provisions of the Crimes act with relation to indeterminate sentences, the statute declaring that every such sentence shall specify the exact nature of the crime of which the defendant is convicted. But this matter is not assigned for error, and, therefore, is not before us for consideration.

The conviction under review will be affirmed.