ESSEX COUNTY COURT OF COMMON PLEAS.

DOROTHY KLUBER, PLAINTIFF, v. WILLIAM A. PFER-
DEORT AND B. K. SALES COMPANY, INCORPORATED,
DEFENDANTS.

Decided December 21, 1936.

For the plaintiff, *Luke Kiernan.*

For the defendant B. K. Sales Company, Incorporated,
*Franklin J. Marryott.*

For the defendant William A. Pferdoert, *Charles Becker.*

FLANNAGAN, C. P. J. The jury found a verdict in the
following words: "We the jury render a verdict in favor of
the plaintiff, Miss Dorothy Kluber, in the amount of $1,500."

The suit was an automobile accident case. There were two
defendants, one the driver of the car (Pferdeort) and the
other the absent employer of such driver, the liability of the
employer being predicated upon the charge that the driver
was engaged in his employer's business and that he invited
the plaintiff, who was riding with him, to ride as his
employer's guest under authority from his employer to do so.

It is contended on the one hand that this verdict is a gen-
eral verdict finding all issues in plaintiff's favor no matter by
which defendant raised. On the other hand, it is contended
that the verdict as quoted leaves open the alternative that one
or the other of the defendants was not intended to be held
liable without indicating which one.

Under the evidence adduced a verdict against one defendant. (Pferdeort) and in favor of the other defendant was permissible and the fact that the defendants stood on a different basis of liability was accentuated by the court in its charge and by the arguments of the defendants' respective counsel throughout the whole case above all other considerations. The concluding words of the court in its charge to the jury were a repetition of this difference. The question is: Must we interpret the jury's verdict as an understanding verdict consistent with the charge or must we take it as a failure to meet either the charge, the arguments of counsel, or the theory upon which the trial was conducted from beginning to end? If the first alternative is reasonably open, we must assuredly accept it.

That such a verdict is properly to be interpreted as finding all issues in favor of the plaintiff, whether such issues be raised by one defendant or the other, has been held frequently before in a number of jurisdictions.

In *Wilson* v. *Means,* 25 *Kan.* 58, the Supreme Court says:

"HORTON, C. J. The verdict of the jury in this case is as follows: 'We, the jury, impaneled and sworn in the above entitled case, do upon our oaths find for the plaintiff $900 with interest from March 6th, 1879.' The objection is made that the court could not know from the verdict against whom to render judgment; that, under the instructions, the jury ought to have stated in the verdict whether they found against one or both defendants. The objection is not well taken. The verdict is a general finding against both defendants, as much so as if the jury had specifically named Frank Wilson and Jesse H. Wilson."

In *Crockett & Sons* v. *Anselin* (*Tex. Ct. of Civ. Appeals*), 132 *S. W. Rep.* 99, the court said:

"The case was tried before a jury and resulted in a verdict in favor of plaintiff upon which judgment was entered against defendants Crockett & Sons and the individuals composing the firm jointly and severally and the Union Warehouse and Elevator Company for the sum of $1,965. (P. 101.)  *  *  * When the verdict is read and construed in connection with the pleadings and the charge of the court, we think it supports

the judgment entered upon it. It is a general verdict for the plaintiff; and the rule is that such a verdict is against all of the defendants and determines all the issues in plaintiff's favor touching his right to the relief sought."

Mr. Anderson in his elaborate book "An Automobile Accident Suit," says, "a verdict in favor of plaintiff is presumptively against both defendants if nothing more appears to the contrary," citing *Scott* v. *McLennan* (*Mo. App*), 242 *S. W. Rep.* 140.

In *McMahon* v. *Hetch-Hetchy, &c., Railway Co.*, 84 *Pac. Rep.* 350, decided by the Court of Appeals, Third District of California, the jury rendered a verdict, "we the jury in the above entitled action, find a verdict in favor of the plaintiffs in the sum of $300 damages." There were two defendants. The court said (at *p.* 351):

"It is said that the verdict does not support the view that the jury found against both the defendants, but unanswerable rules of logic make it clear that it is against both or neither of them. It must be construed as a verdict against both upon which a judgment against both jointly should have been entered. 11 *Enc. Pl. & Pr.* 856, 857; *McLaughlin* v. *Kelly*, 22 *Cal.* 222; *Winans* v. *Christie*, 4 *Cal.* 76; 60 *Am. Dec.* 597. The cause was at issue as to both the defendants and the jury was called upon to determine the issues of fact presented by the pleadings. *Schultz* v. *McLean*, 76 *Cal.* 609; 18 *Pac. Rep.* 775; 11 *Enc. Pl. & Pr.* 865, 866."

An analogy is found in *State* v. *Buyer*, 3 *N. J. Mis. R.* 223; 127 *Atl. Rep.* 787, where the Supreme Court of New Jersey says (at *p.* 224):

"But it is entirely settled that where there are several counts in an indictment, each charging a distinct crime, a general verdict of guilty means a separate conviction of each separate offense." Citing *State* v. *Huggins*, 84 *N. J. L.* 254; 87 *Atl. Rep.* 630, where the Court of Errors uses the identical language (at *p.* 258).

In *Jones* v. *St. Louis and Santa Fe Railway Co.*, 89 *Mo. App.* 653, the court says (at *p.* 664):

"The criticism of appellant, the St. Louis and San Francisco Railway Company on the verdict of the jury is not justi-

fied. 'We the jury find the issues in favor of the plaintiff' is said to be uncertain and the question is asked: 'Against whom did they find?' As the jury had been told they might find against one or both of the defendants, it is intimated that they should have stated whether their finding was against both; and if not against both, then against which defendant. The inference is clear that the jury intended to find against both. The presumption is that if they had only intended to find against one of the defendants, they would have so stated and designated which one."

I have no hesitancy in accepting the interpretation adopted in the cases cited.

As far as I am advised there has never been any question that where there are several plaintiffs (*i. e.*, the driver and invitees in a car) and one defendant a verdict "for defendant" is regarded as one against all plaintiffs. The instant case is merely the converse of this.

For these reasons the rule must be discharged.