· 69  533
139  492;

69  533
140  709
140  710

[No. 9067.   In Bank. — May 18, 1886.]

MILTON W. DURKEE, BY HIS GUARDIAN AD LITEM, GEORGE W. DURKEE, RESPONDENT, v. THE CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — RAILROAD — DECLARATIONS OF ENGINEER — RES GESTÆ — EVIDENCE. — In an action against a railroad company to recover damages for personal injuries alleged to have been caused by the negligence of an engineer in the management of a train on the road of the defendant, the declarations of the engineer in explanation of the accident, made about five minutes after its occurrence, are not part of the *res gestæ*, and are inadmissible in evidence.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*McAllister & Bergin*, and *W. C. Belcher*, for Appellant.

The declarations of the engineer were not part of the *res gestæ*, and were inadmissible. (*Lane* v. *Bryant*, 9 Gray, 247; S. C., 69 Am. Dec. 282; *Lund* v. *Inhabitants of Tyngsborough*, 9 Cush. 41; *Rockwell* v. *Taylor*, 41 Conn. 59; *Luby* v. *Hudson R. R. Co.*, 17 N. Y. 132; *Moore* v. *Meacham*, 10 N. Y. 210; *Anderson* v. *R. W. & O. R. R. Co.*, 54 N. Y. 334; *People* v. *Davis*, 56 N. Y. 102; *White* v. *Miller*, 71 N. Y. 136; *Adams* v. *H. & St. J. R. R. Co.*, 74 Mo. 553; *Alabama Grand S. R. R. Co.* v. *Hawk*, 72 Ala. 112; *Travis* v. *L. & N. R. R. Co.*, 9 Lea, 231; *Newson* v. *Georgia R. R. Co.*, 66 Ga. 57; *Greenfield* v. *People*, 85 N. Y. 88; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 95 N. Y. 276.)

*H. F. Crane*, and *D. M. Delmas*, for Respondent.

The declarations of the engineer were admissible as part of the *res gestæ*. (*Hanover R. R. Co.* v. *Coyle*, 55 Pa. St. 396; *Toledo & W. R. R.* v. *Goddard*, 25 Ind. 190; *McLeod* v. *Ginthner*, 80 Ky. 399; *Ohio & M. R. R. Co.* v. *Porter*, 92 Ill. 437; *Mitchum* v. *State*, 11 Ga. 226; *State* v.

*Jarrand,* 5 Or. 217; *Waldele* v. *N. Y. C. & H. R. R. R. Co.,* 95 N. Y. 284; *Commonwealth* v. *Hackett,* 84 Mass. 139; *People* v. *Simpson,* 48 Mich. 479; *Kirby* v. *Commonwealth,* 77 Va. 681; *Insurance Co.* v. *Moseley,* 8 Wall. 397; *Commonwealth* v. *Pike,* 3 Cush. 181; Code Civ. Proc., sec. 1850.)

Myrick, J.—Action for damages for injuries received by the plaintiff in being run over by a locomotive of the defendant. There was no question as to the plaintiff having been injured. The only questions were as to negligence of the engineer of the defendant, and as to contributory negligence on the part of the father of the plaintiff, the plaintiff being at the time of the injury an infant of the age of about four and a half years.

The train of cars had halted, as usual, at a station (being on time), and the engineer received from the conductor the usual signal to start. Immediately in front of the engine was a trestle and bridge, just beyond which a county road, leading to the house of plaintiff's father, crossed the track. The child was injured at a point at or near where the trestle joins the hard ground.

The engineer testified that on receiving the signal to go ahead, and on starting, he looked along the track and saw nothing out of the way, but after he was under way he saw the head of the child raised from between the timbers, when he instantly reversed the engine and whistled for brakes,—but too late.

A witness for the plaintiff testified he was some distance away, managing a pair of fractious horses, and that at the moment the train started he saw the child standing on the track, throwing its hands as if "daring the engine."

It is barely necessary to say there is no pretense that the engineer *saw* the child in time to avoid the occurrence; but it is claimed he should have seen him, and that his failure to see him was from negligence.

For the purpose of showing negligence on the part of

the engineer, a witness was permitted to testify as to declarations made by the engineer; and the ruling of the court in admitting the testimony of this witness is claimed to be error.

As soon as the train was stopped, the conductor and brakeman removed the child from under the tender, and found that its feet were injured; they did not know whose child it was, but started to carry him to a house near by,—about a quarter of a mile; when near the house the witness met them, and told them whose child he was, and that the father lived at some distance on the other side of the track; the witness went to the engine, which he reached some few minutes after the occurrence, —he thought about five minutes; he there met the engineer and fireman, and asked them how it occurred; the witness, against the objections of the defendant, was permitted to give the reply of the engineer to this question; he testified that the engineer stated to him that when he started up the train he was looking up toward Peacock's (a house on the right-hand side of the road) to see if any one was coming down, and when he turned around he saw the boy and blew the whistle, but when he reversed the engine it was too late. This evidence was claimed to be competent and proper, as part of the res gestæ.

We are of opinion that the declaration was not a part of the res gestæ, and that the court erred in admitting it. It is said, in 1 Greenl. Ev., sec. 113, referring to the declarations of an agent that "wherever what he did is admissible in evidence, then it is competent to prove what he said about the act while he was doing it"; and the editor to the edition of 1866 has inserted, immediately following the above: "The declaration of the driver of a car, after the car had stopped, assigning the reason why he did not stop the car, and thus prevent the injury to plaintiff while crossing the street, that he could not stop the car because the brakes were out of order, being made

after the injury was inflicted and the transaction terminated, is not admissible against the ˙company in whose employ such driver was, it being mere hearsay"; citing *Luby* v. *H. R. R. Co.*, 17 N. Y. 131; and the editor remarks in a note that a case holding the declarations of an agent after the event admissible is certainly not maintainable upon general principles. So says the same editor, in section. 114: "The declarations of the conductor of a railway train as to the mode in which an accident occurred, made after its occurrence, or those of an engineer made under similar circumstances, are not admissible."

In the case before us, the occurrence had taken place, the child had been removed from under the tender, carried away nearly a quarter of a mile, and brought back on the˙ way to the father's house, before the declaration was made. This evidence was material, as tending to show that the engineer was not giving proper attention to his duties.

For the error in admitting in evidence the declaration of the engineer, the judgment and order are reversed, and the cause is remanded for a new trial.

McKINSTRY, J., ROSS, J., THORNTON, J., and SHARP-STEIN, J., concurred.