[Civ. No. 4829.   Second Appellate District, Division One.—September. 28, 1926.]

## MARGUERITE LLOYD, Respondent, v. BOULEVARD EXPRESS (a Corporation) et al., Appellants.

## WILLIAM H. LLOYD et al., Respondents, v. BOULEVARD EXPRESS (a Corporation) et al., Appellants.

## HELEN LLOYD, Respondent, v. BOULEVARD EXPRESS (a Corporation) et al., Appellants.

[1] NEGLIGENCE—CONTRIBUTORY NEGLIGENCE — AVOIDANCE OF ACCIDENT —PROXIMATE CAUSE.—Contributory negligence is not based upon a possibility of avoiding an accident; and if a person does all that an ordinarily prudent person would do under the circumstances to avoid the accident, such person is not chargeable with neglect which proximately causes the accident and resulting damage.

[2] ID.—EVIDENCE—NEGLECT AS MATTER OF LAW—VERDICT. — In these actions for damages for injuries received in an automobile accident, in which the defendants pleaded contributory negligence of the driver of the car in which plaintiffs were riding, based upon an assumption that it was possible for said driver to have avoided the accident, the evidence offered to establish contributory negligence was not sufficient to justify the court in finding such neglect as a matter of law, hence it was a question for the jury to decide, and the evidence sustained the jury's verdicts in favor of the plaintiffs.

[3] ID.—VERDICT AGAINST ONE OF TWO DEFENDANTS—CONSTRUCTION.— The verdict of a jury against one of two defendants is not a verdict in favor of the other defendant, but such verdict simply indicates that the jury failed to find upon the issues; and where the defendant against which the verdict is found notices such omission and does not ask that the jury be required to find on the issue of neglect as to the other defendant, it will not be heard to complain on appeal for the first time.

[4] ID.—INSTRUCTIONS—ABSTRACT RULES OF LAW.—Instructions which state abstract rules of law not applicable to the case at bar, or which do not state the law accurately, are properly refused.

[5] ID.—STATEMENTS OF DEFENDANT DRIVER—RES GESTAE—EVIDENCE— INSTRUCTIONS.—In an action against the owner and the driver of

1.   See 19 Cal. Jur. 647.
2.   See 19 Cal. Jur. 735.
4.   See 24 Cal. Jur. 504; 14 R. C. L. 783.

an automobile truck for damages for injuries suffered as the result of a collision between said truck and the automobile in which plaintiffs were riding, there is no merit in the contention on appeal that the trial court erred in ruling that a certain witness for plaintiffs might testify as to what the defendant driver said at the time of the accident, where the record shows that the conversation was so soon after the accident that, if material, said driver's testimony was part of the *res gestae* and, furthermore, said witness testified to nothing prejudicial to defendants, and subsequently, the court instructed the jury that any statements made by said driver were not to be considered as in any way binding on his codefendant.

[6] ID. — STATEMENTS BEFORE EXCITEMENT SUBSIDED — ADMISSIBILITY AGAINST EMPLOYER—RES GESTAE—DISCRETION—APPEAL.—In such action, it was for the trial court to say whether the statements made by the defendant driver at the scene of the accident, and in the presence of those suffering from its results, and in the presence of the wreckage the accident created, were made before the excitement attending the accident had subsided, and before he had time to reflect upon the consequences of his statement or to fabricate evidence against his employer; and, in the absence of a showing of abuse of discretion, the determination of the trial court that said statements were admissible as part of the *res gestae* was conclusive on appeal.

---

(1) 29 Cyc., p. 512, n. 85.   (2) 42 C. J., p. 1238, n. 49, p. 1261, n. 38.   (3) 3 C. J., p. 867, n. 63; 42 C. J., p. 1273, n. 75, p. 1275, n. 93, p. 1287, n. 12 New, p. 1288, n. 28; 38 Cyc., p. 1884, n. 85. (4) 42 C. J., p. 1275, n. 91; 38 Cyc., p. 1612, n. 14, p. 1707, n. 98, p. 1711, n. 19.   (5) 4 C. J., p. 989, n. 16.   (6) 4 C. J., p. 814, n. 63; 22 C. J., p. 455, n. 74, p. 458, n. 75, p. 462, n. 5.

APPEALS from judgments of the Superior Court of Orange County.  H. J. Forgy, Judge *pro tem.*  Affirmed.

The facts are stated in the opinion of the court.

Kidd, Hardy & Elliott and Gerald F. H. Delamer for Appellants.

Arthur E. Koepsel and Z. B. West, Jr., for Respondents.

YORK, J.—We are considering here three cases which were tried together by stipulation before a jury.  They are all against the same defendants, but each by different plaintiffs.  They are actions for damages incurred in an

automobile accident in which defendants were charged with negligence, resulting in the damages complained of.

On the trial a nonsuit was granted in favor of defendant C. R. Siglin, and a verdict was rendered in favor of Marguerite Lloyd against defendant Boulevard Express a copartnership, and defendant Mitchell for twenty-five thousand dollars, and a verdict was rendered in favor of plaintiffs William Lloyd and Marguerite Lloyd against Boulevard Express in the sum of three hundred dollars for damage to their car and five hundred dollars for injuries to Myrtle Lloyd, wife of William H. Lloyd, and for three thousand dollars damages to Helen Lloyd against Boulevard Express for personal injuries. Judgments were entered in accordance with the verdicts. Defendants, against whom judgments were rendered, moved for a new trial, which motions were denied, and these defendants have appealed from the judgments rendered against them respectively. By stipulation of all the parties interested, such appeals were consolidated for hearing here and are heard together.

The allegations of negligence were denied in all of the cases and defendants also pleaded contributory negligence of the plaintiff Marguerite Lloyd, who was driving the automobile in which all of the plaintiffs injured were riding at the time of the accident. The defendants sought to escape liability to the other passengers in the automobile, other than the driver, by alleging a joint venture in which all were interested, and hence estopped from recovering because of the alleged contributory negligence of Marguerite Lloyd. The accident occurred in a public road. Defendant Siglin was driving an automobile in a northwesterly direction on a paved road, and Marguerite Lloyd was driving an automobile in the same direction about three hundred feet behind him when a collision occurred between the car of Siglin, referred to in the record as the Mitchell car, and an automobile truck operated by defendant Mitchell, who was in the employ of the defendant Boulevard Express, coming from the opposite direction. After the impact between the car driven by Siglin and the truck owned by the Boulevard Express, the defendant Mitchell, the driver of the truck belonging to the Boulevard Express, permitted his truck to proceed without any driver in the direction from which the car driven by Marguerite Lloyd was approaching, and it

collided with the car driven by Marguerite Lloyd and caused the damage complained of in each case.

The first contention made in appellants' brief is that Marguerite Lloyd was guilty of contributory negligence which contributed proximately to the collision with the car she was driving, and the damages resulting from such collision, the argument being based upon an assumption that it was possible for Miss Lloyd to have avoided the accident and that she knew that the truck of the Boulevard Express, which collided with her, was approaching her driverless. The evidence does not establish the latter fact, and even if this fact was established it is difficult to perceive how she could have avoided the accident with the autotruck, which was not under the control of anyone. [1] But contributory negligence is not based upon a possibility of avoiding an accident. If a person does all that an ordinarily prudent person would do under the circumstances to avoid the accident, such person is not chargeable with neglect which proximately causes the accident and resulting damage. [2] The evidence offered to establish contributory negligence was not, therefore, sufficient to justify the court in finding such neglect as a matter of law; hence it was a question for the jury to decide and the evidence sustains the jury's verdicts. Indeed, had Marguerite Lloyd stopped her car, as appellants claim she should have done, it is far from certain that she would have been able to get her car off the pavement —which she partially accomplished—before the impact with the driverless car of the Boulevard Express. It was certainly open to question which was the best course for her to pursue, but she had no time for deliberation.

The conclusion we have arrived at with regard to the alleged contributory neglect of Marguerite Lloyd renders immaterial appellants' second contention, that she and the other plaintiffs were engaged in a joint enterprise.

We have reviewed the evidence of the damage suffered by Marguerite Lloyd, and hold that the verdict rendered for her is not so excessive as to justify this court in interfering with it.

The verdicts were supported by the evidence. It is quite true, as contended by appellant, that if the Boulevard Express were liable, defendant Mitchell was also liable. But it will be noted in these verdicts that the jury did not find

either for or against Mitchell. **[3]** It is the settled law in this state that the verdict of a jury against one of two defendants is not a verdict in favor of the other defendant. Such a verdict indicates simply that the jury failed to find upon the issues. The defendant Boulevard Express noticed the omission and did not ask that the jury should be required to find on the issue of neglect as to defendant Mitchell, and hence, cannot now be heard to complain. (*Benson* v. *Southern Pacific Co.,* 177 Cal. 780, 781 [171 Pac. 948].) It is quite apparent, therefore, that appellants are in error in their statement "that in the case of William H. Lloyd and Marguerite Lloyd the jury found defendant Boulevard Express *alone* were negligent," or found "that in the Helen Lloyd case the Boulevard Express *alone* were negligent." Such statements are not supported by the facts or the law.

As to the instructions of the court to the jury, appellants complain of the action of the trial court in refusing to give to the jury certain instructions requested by appellants. Nearly all of these instructions were given by the court in language the same as requested, or with unimportant differences. The instructions as found in the reporter's transcript are not numbered. It would much assist in the examination of records on appeal in jury cases, if the courts and counsel would furnish the means of reference to instructions, by proper classification and numbering. In this case, the supplement to appellants' brief identifies the instructions by serial numbers, beginning with the instructions requested and not given. For convenience we here use those numbers.

Appellants complain of the court's refusal to give instructions 18, 20, 21, 22, 23, 24, and 26. Very slight attention to the record would have shown that these instructions in identical language or with unimportant changes are given under the numbers 41, 44, 45, 46, 47, 48, and 50. Appellants also object that the court erred in refusing to give requested instruction No. 29, referring to certain consequences of the nonsuit granted in favor of defendant Siglin. By the court's modification of instruction 48 as given, the point was covered, and it became unnecessary to give No. 29, if such necessity would have existed at all. **[4]** Some

of the instructions requested and refused state abstract rules of law not applicable to the case at bar. Some of the instructions requested do not state the law accurately, and hence were properly refused.

[5] Appellants' contention that the trial court committed an error in ruling that H. C. Russell might testify as to what defendant Mitchell said at the time of the accident is not sustained in that the conversation was so soon after the accident that, if material, his testimony was part of the *res gestae,* and upon the further ground that Russell testified to nothing prejudicial to defendants. The court remarked at the time: ''I think the conversation is entirely immaterial, no party is hurt by it.'' After this remark was made, the defendants' counsel cross-examined Mr. Russell, and thereafter Mr. Russell's statements were stricken out as to any defendant except Mitchell, and the court instructed the jury ''that any statements made by Mr. Mitchell, as testified to by these witnesses, were not to be considered as in any way binding on the defendant Boulevard Express, or upon any defendant except himself,'' and the defendants there admitted that these statements were binding on defendant Mitchell.

[6] Objection is made also to the ruling of the court permitting Myrtle Lloyd to testify to what defendant Mitchell said at the time of the accident. The time given as to the time when the conversation occurred, according to the most reliable testimony, was ''very soon, almost immediately after we put Marguerite on the cushions at the side of the road.'' She testified he said: ''I never saw this car. I ran back to beat up the other fellow and heard the crash and ran to this car to give them what assistance I could.'' Another statement she said he made was: ''My God see what I have done, see what I have done.'' His statements, if true, indicate that they were made before the excitement attending the accident had subsided. Questions as to the admissibility of such statements as part of the *res gestae* depend upon whether such statements are the emanations of the acts done, *before* the excitement usually incident to an accident causing great injury has subsided, or are the statements made *after* the excitement has subsided, and the witness has time to calculate a policy to be pursued. Here the statements were made at the

scene of the accident, and in the presence of those suffering from its results, and in the presence of the wreckage the accident created. Again we hold that the trial judge before whom the witness appeared is better prepared to pass upon the evidence upon which the admissibility of such statements depends than is an appellate court, and his ruling should not be disturbed unless he has abused his discretion. We cannot say from the evidence appearing in the record that the declarations of Mitchell were inadmissible. If the statement of the employee is spontaneous, that is, made at the time of the accident and during the excitement attending it, before the employee has time to reflect upon the consequences of his statement, or to fabricate evidence against his employer, it is admissible against the employer. In this case we take the statement of Myrtle Lloyd to be true, as the jury probably did, as to the time when the statements of Mitchell were made; her testimony as to what Mitchell said at the time was admissible, and we hold that the court did not commit reversible error in admitting it. The cases cited on behalf of appellants do not sustain their contention, under the facts in evidence here. Thus, in *Luman* v. *Golden Ancient Channel Mining Co.*, 140 Cal. 709 [74 Pac. 307], the court held that the party inquired of had no authority to bind his principal. In *Durkee* v. *Central Pacific R. R. Co.*, 69 Cal. 535 [58 Am. Rep. 562, 11 Pac. 130], the injured child had been removed from under the tender, carried away nearly a quarter of a mile and brought back before the declarations of the conductor were made. In *Boone* v. *Oakland Transit Co.*, 139 Cal. 492 [73 Pac. 243], the conductor, whose negligence was alleged to have caused the accident, had walked nearly half a block and back again before he made the statement attributed to him—a statement which for other reasons, also, was not admissible. In *Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 391 [104 Pac. 986], the employee's statement was favorable to his employer. In *Willard* v. *Valley Gas & Fuel Co.*, 171 Cal. 16 [151 Pac. 286], it did not appear how long after the accident the conversation occurred. The ruling of the trial court seems to be in accordance with the rule laid down in *Perry* v. *Haritos*, 100 Conn. 476 [124 Atl. 44]; *Southern Surety Co.* v. *Weaver* (Tex. Civ. App.), 260 S. W. 622; *Ahlberg* v. *Griggs*, 158 Minn. 11 [196 N. W. 652]; *Stone* v. *Sinclair Refining Co.*,

225 Mich. 344 [196 N. W. 339] ; *Hanover R. R. Co.* v. *Coyle,* 55 Pa. 402.

The judgments are affirmed.

Conrey, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1926.