[Crim. No. 2050. First Appellate District, Division One.—July 24, 1939.]

THE PEOPLE, Respondent, v. ALFRED DWIGHT CROWNOVER, Appellant.

8

Francis C. Mackall for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant was found guilty by a jury of violating section 288 of the Penal Code; and he has appealed from the judgment of conviction.

The lewd and lascivious acts charged were committed in San Francisco on a boy whose home was in Portland, Oregon. He had wandered to San Francisco in company with an older brother and another boy, and shortly after his arrival, while alone on the street, was accosted by the defendant, and several days later induced to make his home with defendant at his living quarters in a rooming house on Sixth Street. About a month later, while they were so living together, they were taken into custody by the police. In addition to the accusatory testimony given by the boy, the officer making the arrest testified that at the time thereof defendant confessed he had been carrying on degenerate practices with the boy.

There is no complaint made that the defendant was not given a fair trial, nor is it claimed that the jury was not justified in finding from the evidence that he committed the lewd and lascivious acts charged against him. As sole ground for reversal it is contended that "there is no evidence that the complaining witness was under the age of fourteen years at the time of the alleged crime." There is no merit in the point.

In cases of sex crimes committed on children, the age of the child may be established by the child's own testimony (22 Cal. Jur. 381); and here the boy, after being sworn as a witness, was interrogated as to his age, schooling, and understanding of the nature of the oath he had taken to tell the truth; and in response to the question "How old are you", he replied, "I am thirteen years old. I will be fourteen October 18th". The testimony so given by him is therefore legally sufficient to sustain the jury's implied finding on this issue. Later on, according to the reporter's transcript, in answer to a question asked on cross-examination, he is purported to have given the date of his birth as "the 24th, the 24th of October, 1918". But this single answer does not serve as ground for reversal. At most it merely conflicted with the boy's previous statement as to his age; and it is well settled that the general rule governing reviewing courts in dealing with appeals involving a conflict of testimony applies with the same force to cases where the conflict arises from the testimony of one witness as it does to cases where the conflict arises from the testimony of witnesses on opposing sides. (*Winning* v. *Board of Dental Examiners,* 114 Cal. App. 658 [300 Pac. 866], citing earlier cases; *People* v. *Crawford,* 24 Cal. App. 396 [141 Pac. 824]; *Pedrow* v. *Federoff,* 77 Cal. App. 164 [247 Pac. 212]; *Bushey* v. *Union Oil Co.,* 13 Cal. App. (2d) 350 [56 Pac. (2d) 1272]; 2 Cal. Jur. 930.) Therefore, since the members of the jury in the present case, in the exercise of their province as sole and exclusive judges of the testimony, and of the weight to be given thereto, accepted as true and correct the boy's previous positive statement that he was then thirteen years old, their decision in the matter is controlling on appeal.

In this connection it may be stated that the jury in resolving the conflict evidently concluded that the boy, in attempting on cross-examination to fix the year of his birth, became confused; and a reading of the entire record would seem to show that the court and the attorneys on both sides took the same view, because no further questions as to the boy's age were propounded by anyone, nor so far as the record shows did the defendant at any time during the trial make the claim that the boy was over the statutory age. Moreover, it is quite certain that if in fact he was nearly twenty years old, as his answer on cross-examination would indicate, the point as to his age would have been made the basis of a

motion for a new trial; whereas no motion for new trial was made, nor in presenting the appeal has defendant anywhere asserted the truth to be that the boy was in fact upwards of nineteen years of age at the time the offense is alleged to have been committed, and therefore that the verdict has resulted in a miscarriage of justice.

In further support of the conviction the attorney-general advances the argument that the answer the boy is purported to have given in fixing the date of his birth, as it appears in the transcript, is doubtless a typographical error—that what he really said was that he was born in '24, on October 18th; and there are many reasons to justify the belief that he so stated. However, the law is firmly established that in deciding an appeal the reviewing court may not go behind the testimony as it appears in the certified transcript; and in considering the appeal herein we have adhered strictly to such rule.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.