[Crim. No. 8146.   Second Dist., Div. Four.   Nov. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ELLIS A. ANDERSON, Defendant and Appellant.

Ellis A. Anderson, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Louis L. Selby, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the district attorney of Los Angeles County, defendant was charged with a violation of Penal Code section 211, robbery, in four counts. The information further alleged that at the time of the commission of the offenses defendant was armed with a deadly weapon, a revolver. Defendant was represented by counsel and pleaded not guilty to each count.

The second count contained in the information was dismissed by the court. The jury returned a verdict of guilty as to the other three counts, and further found defendant was armed with a deadly weapon at the time of the commission

of the offenses and thus found the robberies to be of the first degree. Defendant's motion for a new trial and probation were denied, and defendant was sentenced to state prison for the term prescribed by law. This is an appeal from the judgment of conviction.

Defendant applied for appointment of counsel to assist him on appeal. Pursuant to defendant's request this court appointed Edward F. Baca on May 3, 1962, to represent defendant. On June 27, 1962, Edward F. Baca advised this court that he desired to be relieved of this appointment after his study of the record indicated there was no reversible error and no basis for an appeal. On July 6, 1962, this court relieved the court-appointed counsel. Defendant requested an extension of time in which to file his opening brief. The extension was granted. Defendant prosecutes this appeal in propria persona.

Joe W. Thompson testified he was a cooperator of a domino parlor, located at 5975 South Avalon Boulevard, Los Angeles. On March 24, 1961, at about 3:30 a. m. he observed defendant with another person enter through the rear door of his establishment; lock the rear door; and leave through the front door. Defendant returned in about five minutes but was refused admission. Thompson testified he sensed trouble and stationed an employee in the restroom armed with a shotgun at approximately 4 a. m. There were from 17 to 18 patrons present, including the four alleged victims named in the various counts of the information, when defendant again entered the premises. Thompson attempted to block the passageway, but defendant forced his way into the domino parlor holding a revolver in his hand and fired a shot. Defendant told everyone in the place of business to "stand back—this is a stickup—throw your money on the table and don't nobody move." The four victims who were named in the information threw their wallets containing money on the table.

Defendant testified in his own behalf. He stated he went to the police station on June 16, 1961, after he had been informed the police were looking for him in connection with an armed robbery at the domino club on March 24, 1961. He denied being at the club on the 24th but admitted he had been at the pool hall next door to the domino club. He stated he must have been at home on the evening of the robbery with his wife and children. Willie May Anderson, defendant's wife, testified that defendant was with her at the time of the robbery and that he was always at home with her between the hours of 2 a. m. and 5 a. m.

Defendant contends that the court and the prosecutor failed to correct testimony of the People's witnesses known to be false, thereby violating the guarantees of the due process clauses of the federal and California Constitutions. Defendant cites *Napue* v. *State of Illinois,* 360 U.S. 264 [79 S.Ct. 1173, 3 L.Ed.2d 1217], as standing for the principle that a conviction obtained through the use of false evidence, known to be such by representatives of the state, must fall under the Fourteenth Amendment to the federal Constitution.

Fundamental to the invocation of that principle of constitutional law is a showing that perjured testimony formed a part of the prosecution's case. There is nothing in the record to show that any perjured testimony was used. Defendant merely points out in his brief that there was an inconsistency in the testimony of one of the victims, Kermit Diggs, in that his testimony was not the same at the trial as it was at the preliminary hearing. This inconsistency, if there was any, was before the jury and was resolved by the jury. ▮ "[I]t is well settled that the general rule governing reviewing courts in dealing with appeals involving a conflict of testimony applies with the same force to cases where the conflict arises from the testimony of one witness as it does to cases where the conflict arises from the testimony of witnesses on opposing sides. [Citations.]" (*People* v. *Crownover,* 34 Cal.App.2d 7, 9 [92 P.2d 929].)

▮ "An appellate court may not reevaluate either the credibility of the witnesses or the weight that should be given to their testimony. (*People* v. *Chesney,* 72 Cal.App. 570, 574 [237 P. 793].) The jury's decision on this factual issue is obviously controlling." (*People* v. *Brister,* 192 Cal.App.2d 234, 237 [13 Cal.Rptr. 375].)

Defendant's appeal brief, which was filed in propria persona, raises several other contentions of error which are entirely without merit. The contentions may be construed together as essentially raising a general issue that defendant was denied a fair trial. We have reviewed the record before us, and we find nothing that would tend to indicate that defendant did not receive a fair trial. There was substantial evidence to support the verdict and judgment of conviction.

Judgment of conviction affirmed.

Burke, P. J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.