[No. 7,091.—Department One.]
October 16, 1882.

# FREDERICK A. BENJAMIN v. WILLIAM M. STEWART ET AL.

NEW TRIAL—VERDICT—MISTRIAL.—No verdict was rendered by the jury for or against one of the defendants:
*Held:* It may be that there was a mistrial, or no trial, as to such defendant, and that the Court below may hereafter proceed to try the case as to him; but there was no cause for a motion for a *new* trial, or for an application to *vacate* the *former* verdict.

ID.—IRREGULARITY IN PROCEEDINGS OF JURY—MISCONDUCT OF JURY—AFFIDAVITS.—When the motion for new trial is made on the grounds of irregularity in the proceedings of the jury, and misconduct of the jury, it must be made upon affidavits.

ID.—DAMAGES—PASSION OR PREJUDICE.—There is no provision of the statute which authorizes the setting aside of a finding because of the "passion or prejudice" of a jury exhibited by the rendition of a verdict for *insufficient* damages; and as the whole matter is statutory, such assignment is not proper as an independent ground for setting aside a verdict.

ID.—ID.—INSUFFICIENCY OF THE EVIDENCE.—It may be that under the fifth statutory ground for a new trial—"insufficiency of the evidence to justify the verdict"—a party might urge that the jury found against the evidence, in finding a less sum than the evidence established as the amount of damages sustained. But in such case the statement must specify the particulars of insufficiency; otherwise, it must be disregarded.

ID.—ID.—VERDICT AGAINST LAW—INSTRUCTIONS—ASSAULT AND BATTERY—EXEMPLARY OR VINDICTIVE DAMAGES.—Where, in an action for damages from an assault and battery, the court, in its charge, enumerated certain things as constituting elements of damage, as to which there was no evi-

dence of the money value; and further charged the jury that plaintiff
was entitled to recover "for bodily pain and mental anguish," etc.; and
further, if the assault was "wanton or reckless," etc., exemplary or vin-
dictive damages.

*Held,* For the things enumerated, the jury could assume only that nominal
damages had been suffered; the jury may have considered the bodily
pain and mental anguish as unimportant factors in the assessment; there-
fore, though this Court may believe that the jury should have found a
larger verdict, it can not say the jury disregarded the instructions of the
Court (even assuming *the facts* to show express malice), since, for aught
that appears, they did find something by way of exemplary or vindictive
damages.

APPEAL by the defendants, J. D. R. Stewart and James
Morgan, from an order granting a new trial in the Fifteenth
District Court, in and· for the City and County of San Fran-
cisco.   DWINELLE, J.

*P. Vanclief,* for Appellants.

The statement, on which alone the motion for new trial
was. made, contains no specification of any error in law or
fact as to the defendant Morgan, and, therefore, as to‚ him
should have been "disregarded on the hearing of the motion."
(C. C. P., § 659.)

This statute is mandatory.  (*Partridge* v. *San Francisco,*
27 Cal. 416; *Hidden* v. *Jordan,* 28 id. 312; *Zenith G. & S.
M. Co.* v. *Irvine,* 32 id. 303; *Martin* v. *Matfield,* 49 id. 43;
*Coleman* v. *Gilmore,* id. 340; *Smith* v. *Christian,* 47 id. 19;
*Doherty* v. *Enterprise M. Co.,* 50 id. 187; *Eddelbuttel* v.
*Durrell,* 55 id. 277.)

As to J. D. R. Stewart, against whom there was a verdict
for plaintiff, with fifty dollars damages, the only ground
upon which the new trial could have been granted, was in-
sufficiency of the damages, as that is the only ground spe-
cified in the statement.   There was no evidence by which
any actual damage could have been estimated or measured
by the rule of compensation.   Therefore, under the general
rule adopted by our Civil Code (Sec. 3274), making com-
pensation the proper measure of damages, no more than nom-
inal damages·could have been found.

The only exception to this general rule is that contained
in Section 3294 of the Civil Code: "Where the defendant has

been guilty of oppression," etc., which, as a rule of law, simply defines the class of cases in which exemplary damages "may" be given; but furnishes no measure by which they may be ascertained, except the honest, unbiased judgment of the jury; hence, there can be no ground for inteference by the Court, except that the verdict "is the obvious result of passion, prejudice, or corruption." (Sedgw. on Dam. (6th ed.) 661, and note; Id. 570; *Dorsey* v. *Manlove,* 14 Cal. 554.) In actions of tort, "the general rule is, that a new trial will not be granted for smallness of damages." (Sedgw. on Dam. (6th ed.) 766.)

*G. F. & W. H. Sharp* and *John L. Love,* for Respondent.

The second, third, and fifth specifications are sufficient to include Morgan. The verdict of the jury was certainly irregular in this, that it did not find on the issue raised. by plaintiff's complaint and Morgan's answer.

The verdict of the jury should have been vacated, and a new trial granted by the Court on its own motion, without the application of either party, because there was a plain disregard by the jury of the instructions of the Court and the evidence in the case, and because the verdict was rendered under the influence of passion and prejudice, and under a misapprehension of the instructions of the Court. (Code of Civ. Proc., § 662.) "Damages must in all cases be reasonable." (Civil Code, § 3359.) The jury should have rendered exemplary damages. (Id., § 3294; Sedg. on Dam. (5th ed.) 710; *Richards* v. *Rose,* 24 Eng. L. & Eq. 406; *Richards* v. *Sanford,* 2 E. D. Smith,(N.Y.) 349; *Collins* v. *Albany & Schenectady R. Co.,* 12 Barb. (S. C.) 492; *Clapp* v. *Hudson R. R. Co.,* 19 Id. 461; Hilliard on New Trials, 574, c. 17, Sec. 27 (2d ed.); *Levi* v. *Milne,* 4 Bing. 195; *Mariani* v. *Dougherty,* 46 Cal. 26; *Bacot* v. *Keith,* 2 Bay, 466.)

MCKINSTRY, J.:

The appeal is from an order, granting a new trial, by defendants J. D. R. Stewart and James Morgan.

No verdict was rendered by the jury for or against the defendant Morgan. "A new trial is a re-examination of an issue of fact in the same Court after a trial and *decision* by

a jury, or Court, or by referees." (C. C. P., § 656.) It may be that there was a mistrial, or no trial, as to defendant Morgan, and that the Court below may hereafter proceed to try the case as to him; but there was no cause for a motion for a *new* trial, or for an application to *vacate* the *former verdict.* (C. C. P., § 657.)

The notice of motion for new trial is not set forth in the transcript. At the end of the statement on motion for new trial is what purports to be an "Assignment of Errors." The first assignment has no relation to the case of either of the appellants. The second is, "Irregularity in the proceedings of the jury, and misconduct of the jury," etc. When the motion for new trial is made on these grounds, it must be made upon "affidavits." (C. C. P., § 648.) In the present case the motion is not supported by any affidavit purporting to set forth facts constituting irregularity or misconduct, within the meaning of these words as used in subdivisions one and two of Section 657.

The third assignment of plaintiff is, "Nominal and insufficient damages, appearing to have been given by the jury under the influence of passion and prejudice." Section 657 provides that a new trial may be granted for the cause of "excessive damages, appearing to have been given under the influence of passion or prejudice." But there is no provision which authorizes the setting aside of a finding because of the "passion or prejudice" of a jury, exhibited by the rendition of a verdict for insufficient damages; and as the whole matter is statutory, the last is not proper as an independent ground for setting aside a verdict.

It may be, that, under the fifth statutory ground for a new trial—"insufficiency of the evidence to justify the verdict"— a party might urge that a jury found against the evidence in finding a less sum than the evidence established as the amount of damages sustained. But in such case the "statement must specify the particulars in which the evidence is alleged to be insufficient," and where (as is the case before us) no such specifications are made, the statement "must be disregarded." (C. C. P., § 659.)

The fourth and fifth assignments seem to be based upon the last clause of the sixth subdivision of Section 657 of the

Code of Civil Procedure; that the verdict "is against law," in that the jury did not obey the instructions of the Court in regard to damages. As we understand the case no specific damage was proven. Certain injuries to the person of plaintiff were proved, and the Court charged the jury as follows:

" The proper amount of damages in case of an assault and battery generally depends much upon the aggravating or mitigating circumstances connected with it. The elements of damages in ordinary cases may be thus summarized:

" 1. Loss of time and labor from the date of the injury until the party recovers therefrom.

" 2. The expense of medical, surgical, and other attendants, and the value of clothing injured or destroyed.

" 3. Diminished capacity to work at the trade or business of the party injured.

" 4. Bodily pain and mental anguish.

" The damages may also include a fair compensation for injuries actually sustained by the battery, including probable future disability and suffering.

" If the act was wanton or reckless, or the defendant was actuated by malice, or perpetrated the wrong in total disregard of the law, and the plaintiff was in no way to blame, the plaintiff should recover not only for the pecuniary losses sustained, but for his mental anxiety, public degradation, and the wounded sensibility which an honorable man might be supposed to feel for a violation of the sacredness of his person; for pains to the feelings as well as to the body; and in addition thereto, exemplary or vindictive damages, in the discretion of the jury, as an example and punishment, where such damages are recognized as proper."

There was no evidence as to the money value of the loss of time or labor by plaintiff; or of any expenses for medical attendance, etc.; or of any diminished capacity to work.

For these things, then, the jury could assume, only, that nominal damages had been suffered. The jury were told, also, that plaintiff was entitled to recover "for bodily pain and mental anguish," etc., and further, if the assault was "wanton or reckless," etc., exemplary or vindictive damages.

The jury may have considered the bodily pain and mental

anguish unimportant factors in the assessment, and while we may believe that the jury should have found a larger verdict, we cannot say they disregarded the instructions of the Court (even if we assume *the facts* to show express malice), since, for aught that appears, they did find something by way of exemplary or vindictive damages.

Order reversed and cause remanded.

ROSS and McKEE, JJ., concurred.

After the foregoing decision was rendered, a rehearing was had in bank, upon which the following decision was rendered:

The COURT: .

We are satisfied with the views expressed by Department One of this Court in its opinion in this case, filed March 20, 1882 (9 Pac. C. L. J. 273), and for the reasons therein given the order appealed from is reversed and the cause is remanded.