[No. 12191. In Bank. — July 7, 1887.]

JULIAN H. RANKIN, APPELLANT, *v.* CENTRAL PACIFIC RAILROAD COMPANY ET AL. SOUTH PACIFIC COAST RAILROAD COMPANY, RESPONDENT.

JOINT NEGLIGENCE — ACTION TO RECOVER FOR — VERDICT AGAINST ONE DEFENDANT. — In an action against two alleged joint tort-feasors to recover for injuries charged in the complaint to have resulted from their joint negligence, in which each of the defendants answers separately, denying the negligence imputed to it, a verdict finding against one of the defendants, but silent as to the other, is not responsive to the issue raised by the answer of the latter, and will be set aside at the instance of the plaintiff; and the failure of the plaintiff to ask for a correction of the verdict at the time it was announced does not raise a presumption that the issue had been abandoned at the trial.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*D. M. Delmas,* for Appellant.

The judgment is erroneous, as the verdict did not find upon the issue raised as to the negligence of the South Pacific Coast Railroad Company. (*Benjamin* v. *Stewart,* 61 Cal. 605; *Jenkins* v. *Parkhill,* 25 Ind. 473.)

*Pillsbury & Blanding,* for Respondent.

The reception of the verdict by the plaintiff, without objection at the time it was announced, debars him from afterwards attacking it for the first time in the Supreme Court. (Code Civ. Proc., sec. 619; *Dalrymple* v. *Williams,* 63 N. Y. 361; *Burlingame* v. *C. R. of Minn.,* 23 Fed. Rep. 707; *Jordon* v. *Clark,* 22 Cal. 534; Hayne on New Trial, sec. 27; *Treadwell* v. *Wells,* 4 Cal. 260; *Algier* v. *Steamer Maria,* 14 Cal. 170; *Parke* v. *Hinds,* 14 Cal. 418; *People* v. *Nichols,* 62 Cal. 518; *Douglass* v. *Kraft,* 9 Cal. 562; *Campbell* v. *Jones,* 41 Cal. 519; *Fresno Canal Co.* v. *Warner,* 72 Cal. 379.)

PATERSON, J.—Plaintiff commenced this action against the Central Pacific Railroad Company and the South Pacific Coast Railroad Company to recover for injuries charged in the complaint to have resulted from the joint negligence of defendants. Each defendant answered separately, denying the negligence imputed to it, and each charging the other with negligence at the junction of their tracks where the accident occurred. The verdict rendered was in favor of the plaintiff against the Central Pacific Railroad Company, for fifty thousand dollars, but was silent as to the South Pacific Coast Railroad Company. Upon this verdict the clerk entered judgment in favor of plaintiff against the defendant, the Central Pacific Railroad Company, for the sum of fifty thousand dollars and costs, and against plaintiff in favor of the defendant, the South Pacific Coast Railroad Company, for costs of the latter.

Unless we are prepared to overrule the case of *Benjamin* v. *Stewart,* 61 Cal. 605, we think the decision therein conclusive upon the question raised here. As we understand that case, it was held that such a verdict was not a decision upon the issue of fact raised by the answer of the defendant not named in the verdict.

The verdict of the jury, like the finding of the court, must pass upon all the issues, and be free trom ambiguity and uncertainty.   And where there is a party plaintiff or defendant in whose favor or against whom judgment may be entered, regardless of the rights of those with whom he is joined, the verdict should expressly declare in favor of or against such party,—the intent of the jury should not be left to inference or presumption.  (*Jenkins* v. *Parkhill*, 25 Ind. 473; *Settle* v. *Alison*, 8 Ga. 208; S. C., 52 Am. Dec. 393.)   Of course, where the plaintiff takes a judgment against some of the defendants, his action amounts to a dismissal of the case against the other defendants sued as joint tort-feasors, and the judgment debtors cannot complain, there being no contribution; but in this case it is the plaintiff who complains that a judgment has been entered in favor of one of the defendants against his wishes and without a finding of the jury to support it.   The case went to the jury with instructions which show that plaintiff was demanding an adjudication of all the issues as to both parties, and there is nothing subsequent to show consent to anything less on the part of plaintiff, or from which such consent or a waiver may be fairly presumed.

The verdict in this case is not simply informal or defective in matters that the plaintiff was bound to have corrected at the trial or waive the defect.   It is no verdict at all upon the issue raised by the answer of the defendant, South Pacific Coast Railroad Company, and the failure of plaintiff to call for a correction of the verdict does not raise a presumption that the issue had been abandoned by him on the trial.

Judgment reversed.

McFARLAND, J., SEARLS, C. J., McKINSTRY, J., TEMPLE, J., and THORNTON, J., concurred.