[Civ. No. 3680. Second Appellate District, Division Two.—November 10, 1922.]

## W. R. CRAIN, Respondent v. H. SUMIDA, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—VERDICT—CONSISTENCY OF.—In an action against two defendants for damages for alleged negligence in the operation of a motor-truck, there is no fatal inconsistency between that part of the verdict wherein the jurors find that plaintiff recover of one of the defendants (naming him) certain specified sums and the concluding part thereof wherein they declare that they "find in favor of defendant . . . that plaintiff take nothing," where from a consideration of the whole record it clearly appears that such concluding sentence of the verdict has reference solely to the other defendant.

[2] ID.—CERTAINTY OF VERDICT—CONSTRUCTION—REFERENCE TO RECORD.—A verdict is sufficiently certain if it can be made so by reference to the pleadings or the record; and in determining the sufficiency of the verdict the entire record should be searched and all the parts interpreted together, so that if possible a deficiency in one place may be cured by what appears in another and the verdict upheld, rather than defeated.

[3] ID.—TWO DEFENDANTS—VERDICT—IRREGULAR JUDGMENT — PREJUDICE.—A defendant against whom a verdict is rendered is not prejudiced by the failure of the judgment entered thereon to determine the rights of his codefendant, in whose favor a verdict was rendered.

[4] ID.—MEASURE OF DAMAGES—EVIDENCE—INSTRUCTIONS.—In view of the other instructions given as to the measure of damages, and of the uncontradicted evidence that plaintiff's automobile did sustain injuries in the collision and that he was deprived of its use while it was being repaired, the trial court did not commit error in instructing the jury that if they should find that plaintiff was entitled to recover, but that the driver of the truck was in the employ of only one of the defendants, then the form of their verdict should be, in part, as follows: "We, the jury, find for plaintiff against defendant —— [naming him] and fix plaintiff's damages for injury to his automobile in the sum of $—— [naming amount], . . . [and] further find in favor of plaintiff for loss of use of [his] automobile . . . and fix plaintiff's damages therefor in the sum of $——."

[5] ID.—AGENCY—EVIDENCE.—The fact that defendant was the owner of the truck and that the driver thereof at the time of the collision had been employed to drive it, if it stood as the sole evidence of agency, would have sufficed to justify the inference that such driver was acting as defendant's agent at the time of the accident.

[6] ID. — DEPRIVATION OF USE — DAMAGES — EVIDENCE. —The evidence having shown that it took about a month to do the repair work to plaintiff's car, and plaintiff having testified that his damage by being deprived of the use of the car in his business during the time that the repairs were being made amounted to $400 a month, while another witness testified that the reasonable rental value of such a car during the time that the repair work was being done was $20 a day, the jury was justified in finding that plaintiff's damage by reason of the loss of the use of the car was $300.

[7] ID. — MEASURE OF DAMAGES — RENTAL VALUE. — In an action for damages for injury to an automobile as the result of a collision, testimony as to rental value of such an automobile is admissible, not as furnishing the exact measure of damages, but as a fact to be considered in ascertaining the extent of the injury due to plaintiff's being deprived of the use of the car while it was undergoing repairs.

[8] ID.—AMOUNT OF DAMAGE—DECREASE IN MARKET VALUE—EVIDENCE. Plaintiff, who qualified as an expert, having testified that in his opinion the market value of his automobile immediately prior to the accident was $1,950, and that immediately thereafter it was not worth more than $300 or $400, this was sufficient to justify a finding of $1,150 as the amount of damage to the car as the result of the collision, notwithstanding the evidence showed that after the car was repaired plaintiff refused an offer of $1000 for it.

APPEAL from a judgment of the Superior Court of Tulare County. W. B. Wallace, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bradley & Bradley for Appellant.

D. E. Perkins and Farnsworth, McClure & Burke for Respondent.

5. Making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car or employment of driver, notes, 10 Ann. Cas. 732; Ann. Cas. 1914C, 1087; Ann. Cas. 1918D, 1134; 46 L. R. A. (N. S.) 1091; L. R. A. 1918D, 924.

FINLAYSON, P. J.—This action was brought against H. Sumida and K. Sumida to recover damages alleged to have been sustained by plaintiff in a collision between his automobile and an auto delivery truck the driver of which was alleged by plaintiff to be an employee of both defendants. Plaintiff recovered a verdict against the defendant H. Sumida for the sum of $1,450. From a judgment entered on that verdict H. Sumida has taken this appeal.

It developed at the trial that the delivery truck, instead of being the property of both defendants, was the property of H. Sumida only, by whom it was used in a general merchandise business of which he was the sole proprietor. The business was conducted under the fictitious name of "H. Sumida Company," and was managed by appellant's brother, the defendant K. Sumida. The truck was used in the business for the purpose of delivering groceries and other general merchandise. At the time of the accident it was being driven by an employee of appellant, one G. Takeshita, who was employed to solicit for and take orders from customers and to make deliveries. Defendants' main contention at the trial was that Takeshita was ill on the day of the accident, and that he was not then acting within the scope of his authority as agent for either defendant. In addition to an answer denying any liability on the part of either of them, defendants filed a cross-complaint wherein they alleged that the collision was due to plaintiff's negligence, and prayed that the defendant H. Sumida, the owner of the truck, recover damages for the injuries which were received by his vehicle when it collided with plaintiff's automobile.

[1] Before the jury retired it was furnished with certain blank forms of verdict. These forms were worded in such a way that the jury might make its verdict conform to any one of the three or four possible conclusions at which it was conceivable they might arrive. The jury filled out all but one of the blank spaces in one of the forms of verdict so provided them, and returned a verdict as follows: "We, the jury, find for plaintiff that defendants take nothing by their cross-complaint in this action. We, the jury, find for plaintiff against defendant H. Sumida, and fix plaintiff's damages for injury to his automobile in the sum of $1,150.00. We, the jury, further find in favor of

plaintiff for the loss of use of his automobile against said defendant H. Sumida, and fix plaintiff's damages therefor in the sum of $300.00. And we further find in favor of defendant —— that plaintiff take nothing.''

Appellant earnestly insists that there is a fatal inconsistency between that part of the verdict wherein the jurors find that plaintiff recover of the defendant H. Sumida the sums of $1,150 and $300 and the concluding part wherein they declare that they ''find in favor of defendant —— that plaintiff take nothing.'' From a consideration of the whole record we think it clear that this concluding sentence of the verdict must be taken as referring solely to the defendant K. Sumida, and that it is a finding or verdict in his favor only. If this be so then there is no conflict between the concluding sentence and those preceding portions of the verdict whereby the jurors find for plaintiff against appellant, the defendant H. Sumida, and fix the damages recoverable against him at $1,150 and $300, respectively. *Id certum est quod certum reddi potest;* [2] and a verdict is sufficiently certain if it can be made so by reference to the pleadings, the evidence or the record. (38 Cyc., pp. 1877, 1878.) In determining the sufficiency of the verdict the entire record should be searched and all the parts interpreted together, so that if possible a deficiency in one place may be cured by what appears in another. It appears from the record before us that the blank forms with which the jurors were furnished before retiring to deliberate were given them with certain appropriate instructions as to filling in the blank spaces. Thus, among other things, the jurors were instructed as follows: ''If you find for plaintiff and also find that the driver of said delivery car was in the employ of only one of said defendants at the time of said accident, then the form of your verdict should be: 'We, the jury, find for plaintiff against defendant —— [inserting name] and fix plaintiff's damages for injury to his automobile in the sum of $——. We, the jury, further find in favor of plaintiff for loss of use of automobile against said defendant —— [inserting the name] and fix plaintiff's damages therefor in the sum of $——. And we further find in favor of defendant —— [inserting the name of defendant not liable].' '' This was the form of verdict adopted by the jury, showing thereby that they concluded that the

driver of the truck did negligently collide with plaintiff's automobile while acting in the course of his employment, but that he was in the employ of only one of the defendants, and that, therefore, they intended to return a verdict against that defendant only. By specifically finding against appellant and fixing the damages which he should pay it is manifest that when the jurors declared that they "find in favor of defendant ——" they meant thereby that they found in favor of K. Sumida, the only defendant in the action other than appellant, and that as to the defendant K. Sumida, and as to him only, the plaintiff was to take nothing. This construction is fully justified by the record and accords with the rule that verdicts are to receive, if possible, such a construction as will uphold rather than defeat them. (38 Cyc., p. 1878.)

[3] The judgment recites the verdict and adjudges that plaintiff recover of the defendant H. Sumida a total of $1,450, together with plaintiff's costs, but it fails to make any mention of the defendant K. Sumida, as to whom the jury had found, in effect, that the plaintiff take nothing; and no judgment has been entered either in favor of or against K. Sumida. A judgment is defined by our statute (Code Civ. Proc., sec. 577) to be "the final determination of the rights of the parties in an action or proceeding"; and appellant now claims that there can be but one judgment rendered on a verdict, and that such judgment should be one which finally determines the rights of all the parties in accordance with the verdict. Without doubt the defendant K. Sumida was entitled to have the judgment adjudicate that plaintiff take nothing as against him; but the failure to enter a judgment which determines the rights of K. Sumida as well as the rights of each of the remaining parties to the action was an irregularity which did not affect any of the substantial rights of H. Sumida, the only party who is here seeking a reversal of the judgment. Appellant is not prejudiced by the irregularity, and he therefore may not successfully assign it as reversible error.

[4] The complaint alleges two distinct items of damage. It alleges, first, that the automobile was damaged in a certain sum, and, secondly, that plaintiff was further damaged by being deprived of its use while it was undergoing repairs. Though the answer does not directly and specifi-

cally deny the second item of damage, the case seems to have been tried upon the theory that the denials are sufficient to raise an issue as to both classes of damage, and we therefore shall assume that both were properly denied. As we have seen, the court instructed the jurors that if they found that plaintiff was entitled to recover but that the driver of the delivery truck was in the employ of only one of the defendants, then the form of their verdict should be, in part, as follows: "We, the jury, find for plaintiff against defendant —— [naming him] and fix plaintiff's damages for injury to his automobile in the sum of $—— [naming amount], . . . [and] further find in favor of plaintiff for loss of use of [his] automobile . . . and fix plaintiff's damages therefor in the sum of $——." Appellant argues that by submitting this form of verdict to the jurors they were in effect instructed that if they found for plaintiff they must allow him damages both for injury to his automobile and for loss of its use, even though they might believe that plaintiff suffered damage as to one only of the two alleged items of injury.

It was established by uncontradicted evidence that plaintiff's automobile did sustain injuries in the collision, and that he was deprived of its use while it was being repaired. The form of verdict given to the jury could not possibly have injured appellant when considered in the light of this evidence and in connection with the court's whole charge. Elsewhere in its instructions the court was careful to say that it was the duty of the jury to determine whether plaintiff's car was injured as the result of the alleged negligence, and that if it was injured, but not totally destroyed, the measure of damages for such injury was the difference between the market value before and after the collision; also that if plaintiff was entitled to any damage for the loss of the use of his automobile the damage for such loss should be estimated upon the basis of the period of time it was necessary for plaintiff to repair his car, and that the damages therefor should not exceed the reasonable rental value during that period. In view of these instructions we fail to see how appellant could have been prejudiced by the suggested form of verdict.

[5] It next is contended that the evidence is insufficient to sustain the implied finding that Takeshita, the driver of

appellant's auto delivery truck, was acting within the scope of his employment at the time of the accident. The fact that appellant was the owner of the truck and that Takeshita had been employed to drive it, if it stood as the sole evidence of agency, would have sufficed to justify the inference that Takeshita was acting as appellant's agent at the time of the accident. (*McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417].) But K. Sumida, the resident manager of the business, as well as K. Sumida's wife and a young man employed in appellant's store, testified that Takeshita was ill on the day of the collision, and that for that reason he had "laid off" and was not working for his employer on that day. Another witness testified that Takeshita visited his ranch on the day in question, and that he did not come there to deliver any goods for his employer. Takeshita was not produced as a witness. K. Sumida and his wife, both of whom seem to have worked in the store on the day of the accident, and also the young man who worked about the store, may have learned from some source that Takeshita was ill, and they may have been told that he was unable to work during any part of the day in question, and they may honestly have believed that he performed no duty whatever for his employer during any part of that day. Nevertheless, they were not with Takeshita when he carelessly collided with plaintiff's automobile, and it is possible that, as the day wore on, Takeshita felt so much better that he was able to and in fact did seek orders from his employer's customers or make deliveries of groceries. There is no testimony that is necessarily, directly and inherently inconsistent with this possibility, and, on the other hand, there is testimony which tends to support it and to show that it was an actuality. In support of plaintiff's case the following facts were testified to: It is customary to put in little boxes the groceries which are to be delivered to appellant's customers. It also is the custom of the driver to solicit orders on one day and to deliver the goods on the next. Immediately after the collision there were found in the truck a few groceries and some boxes with Sumida's name thereon, apparently ready for delivery, and also some oil cans. There also was found in the truck the order book with the name "H. Sumida Company" written on it. From these facts we cannot say that the jury was not war-

ranted in inferring that Takeshita was engaged in delivering groceries for appellant at the time of the accident.

[6] Appellant's next point is that there is no evidence to support the verdict for the amount awarded as damages by reason of plaintiff's loss of the use of his automobile. Plaintiff did not have his car repaired until about two months after the accident, and it seems that when it was taken to the repair shop it took about a month to do the necessary work. For this deprivation of use during the month that his property was being repaired the jury awarded plaintiff the sum of $300. Plaintiff testified that prior to the accident the injured automobile had been used by him as a demonstration car in making sales of Chalmers automobiles, for which make of car he seems to have had the agency. He also testified that his damage by being deprived of the use of the car in his business during the time that the repairs were being made amounted to $400 a month. Another witness testified that the reasonable rental value of such a car during the time that the repair work was being done was $20 a day. [7] This testimony as to rental value was admissible, not as furnishing the exact measure of damages, but as a fact to be considered in ascertaining the extent of the injury due to plaintiff's being deprived of the use of the car while it was undergoing repairs. (*Detlmar* v. *Burns Bros.*, 111 Misc. Rep. 189 [181 N. Y. Supp. 146]; *Meyers* v. *Bradford,* 54 Cal. App. 157 [201 Pac. 471].) We think that the evidence as to rental value was sufficient to sustain a finding that plaintiff was damaged in the sum of $300 by reason of being deprived of the use of his car during the month that the needed repairs were being made.

[8] Lastly it is claimed that the amount allowed for injuries to plaintiff's car, $1,150, was excessive and not warranted by the evidence. Plaintiff, who qualified as an expert, testified that in his opinion the market value of his automobile immediately prior to the accident was $1,950, and that immediately thereafter it was not worth more than $300 or $400. This was sufficient to justify a finding of $1,150 as the amount of damages to the car. Appellant calls our attention to the fact that after the car was repaired plaintiff refused an offer of $1,000 for it. But mani-

festly the car was worth much more after the repairs were made than it was immediately following the accident.

We find no reversible error in the record. The judgment is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 8, 1923, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing in this action is denied.

The opinion contains the following paragraph assumed to be taken from 38 Cyc., pp. 1877, 1878, to wit: ''And a verdict is sufficiently certain if it can be made so by reference to the pleadings, the evidence or the record.'' We withhold our approval of this statement so far as it purports to say that the verdict can be made certain by reference to the evidence.

Shaw, C. J., Lawlor, J., Wilbur, J., Lennon, J., Waste, J., Seawell, J., and Kerrigan, J., concurred.