[Civ. No. 1419. Fourth Appellate District.—February 27, 1933.]

F. M. KELLER et al., Petitioners, v. F. E. SMITH, as County Clerk, etc., Respondent.

Borton & Petrini for Petitioners.

Ray Bailey, District Attorney, W. A. McGinn, Deputy District Attorney, Rowen Irwin, Chas. R. McCarty, Kenneth Lilly and Francis A. Gabel for Respondent.

BARNARD, P. J.—This is an application for a writ of mandate to compel the respondent clerk to enter a judgment in favor of the petitioners in an action brought in the Superior Court of Kern County by one Laura A. Hamilton, as plaintiff, against J. L. Dykes and these petitioners, as defendants. The action was one to recover for damages sustained by the plaintiff in a collision between an automobile in which she was a passenger and driven by Dykes and another automobile alleged to have been driven by these petitioners, Dykes being charged with wilful misconduct and these petitioners with negligence. The jury was instructed that it might find in favor of all of the defendants, or that it might find in favor of the plaintiff as against all of the defendants, or as against Dykes alone, or as against the Kellers or either of them, in accordance with its finding as to the truth of certain facts, respectively. The court submitted to the jury a blank form containing several forms of verdict which, except for the words and figures here inclosed in parentheses, reads as follows:

"In the Superior Court of the State of California in and for the County of Kern.

"Laura A. Hamilton,
Plaintiff,
vs.
J. L. Dykes et al.,
Defendants.

No. 25246 Dept. 1
VERDICT OF JURY—CIVIL
Bakersfield, Cal. Oct. 1932.

"We, the jury impanelled to try the above entitled cause, find for the plaintiff, Laura A. Hamilton, and against the defendants J. L. Dykes, F. M. Keller, and Eunice Keller, and assess her damages in the sum of ———— Dollars.

"————————————
"Foreman.

"We, the jury impanelled to try the above entitled cause, find for the defendants.

"————————————
"Foreman.

"We, the jury impanelled to try the above entitled cause, find for the plaintiff, Laura A. Hamilton, and against the defendant J. L. Dykes, and assess her damages in the sum of ($3800.00) Dollars.

"(Mamie V. Hayes)
"Foreman.

"We, the jury impanelled to try the above entitled cause, find for the defendants F. M. Keller, and Eunice Keller.

"————————————
"Foreman.

"We, the jury impanelled to try the above entitled cause, find for the plaintiff, Laura A. Hamilton, and against the defendants F. M. Keller and Eunice Keller, and assess her damages in the sum of $———— Dollars.

"————————————
"Foreman.

"We, the jury impanelled to try the above entitled cause, find for the defendant J. L. Dykes.

"————————————
"Foreman."

The jury inserted the figures "$3800.00" in the third suggested verdict on this form and the same was signed by the foreman and returned as the verdict of the jury, where-

upon the clerk entered a judgment in favor of the plaintiff and against the defendant Dykes, in the sum of $3,800, making no entry of any verdict in respect to the defendants Keller. Subsequently a motion was made by these petitioners for an order directing the clerk to enter a judgment upon said verdict in their favor, which motion was by the court denied, and this proceeding followed.

■ The petitioners concede that it has been definitely held in this state that in an action against two or more defendants who have separately answered, a verdict of the jury in favor of the plaintiff and against one of the defendants, without specifically finding for or against another defendant, is a failure to find upon one of the material issues of the case. (*Benson* v. *Southern Pac. Co.*, 177 Cal. 777 [171 Pac. 948]; *Rankin* v. *Central Pac. R. Co.*, 73 Cal. 93 [15 Pac. 57]; *Benjamin* v. *Stewart*, 61 Cal. 605; *Lloyd* v. *Boulevard Express Co.*, 79 Cal. App. 406 [249 Pac. 837]; *McMahon* v. *Hetch Hetchy Ry. Co.*, 2 Cal. App. 400 [84 Pac. 350].)

■ However, the petitioners contend that this rule has no application in a case where a proper construction of the verdict rendered discloses that the jury has not failed to find upon one of the issues presented, but where the verdict may be construed to be, in fact, also in favor of a defendant not mentioned therein, and that such a situation here appears. Reliance is placed upon the case of *Crain* v. *Sumida*, 59 Cal. App. 590 [211 Pac. 479, 480], where, after finding for the plaintiff and against one of two defendants, and fixing the amount of the damages, the verdict concluded as follows: "And we further find in favor of defendant ——— that plaintiff take nothing." In that case the court stated that the intention of the jury, to find in favor of the defendant whose name was not inserted, appeared from the record since there were but two defendants and, after finding against one of them, the jury found in favor of the other, and that the identity of the other was plain although his name was not inserted in the blank provided therefor. It was then held that any irregularity thus appearing in the verdict could not be taken advantage of by the defendant against whom the jury specifically found. Petitioners maintain that the principles applied in the case of *Crain* v. *Sumida*, *supra*, are controlling here, and that this is a case involving the *construction* of a verdict rather than one concerning the effect of

a verdict which requires no construction. It is argued that we must presume that the jury read the two forms of verdict preceding the one signed; that in signing that particular one it was carrying out the instructions given, that it might find against one defendant and in favor of the other; that, having thus followed the instructions given, it is not necessarily to be presumed that the jurors read the remaining forms of verdict set forth in the form given them; and that, thus construed in the light of the record, it appears that the verdict here found was in fact in favor of petitioners.

In the case now before us, not only are the petitioners seeking to establish the signed verdict as one in their favor, but the verdict as returned, instead of merely omitting their names while specifically finding for them, in fact finds in reference to the other defendant alone, without referring to the petitioners by name or otherwise. We can see no controlling difference between a case where several suggested forms of verdict are on one paper and a case where the suggested forms are on separate papers. Any inference or presumption that the jury has read and considered the respective forms applies equally in both cases. The rule of construction suggested in the case of *Crain* v. *Sumida, supra,* could not be exactly applied here, since nowhere did the jury in this case express any finding in favor of the petitioners. To hold that they so found requires an inference that they intended to do something they have not expressly done. Even though the court instructed the jury that it might find against one and at the same time in favor of the other defendants, while such an instruction strengthens the inference suggested, it is by no means conclusive in the absence of some expression showing the intention of the jury. There is a wide difference between drawing the only possible conclusion, where there is an expressed finding against one defendant and another in favor of the only other defendant although the name of the other is not inserted, and drawing an inference, probable though it may be, as to the intention of a jury in regard to a matter that has been entirely omitted from its verdict. It is just as possible to draw the inference that the jury in this case read and rejected the proposed verdict next following the one it caused to be signed as that it read and considered those preceding it. In this particular case an inference or presumption could

be drawn either way. ▮ While it may be true that the greater probability lies with the view that this jury intended to find in favor of these petitioners, if the question of the intention of the jury could be left to inference or presumption, the established rule seems to be that the intention of the jury must not be left to inference or presumption, that it must be expressly declared, and that where it is not expressly declared in reference to any one of several defendants who have separately answered, it must be taken that the jury has failed to pass upon that particular issue.

We think that this is the situation here and that even such a construction as suggested in *Crain* v. *Sumida, supra,* cannot apply here, since there is an entire absence of any expression on the part of the jury which requires or permits any addition by construction. We conclude that this is not a case where we may, by construction, say that the jury has expressly passed upon the particular question here involved. While it might seem desirable to permit the drawing of such an inference where the same seems more reasonable and more probable than a contrary inference, we think this may not be done under the established rule.

For the reasons given the petition is denied.

Marks, J., and Jennings, J., concurred.