*540
 
 SEAWELL, J.
 

 Defendants Pacific Gas & Electric Company and Thomas Foley appeal from an order which granted plaintiffs’ motion for a retrial and plaintiffs’ motion for a new trial, and which denied defendants’ motion for entry of a certain form of judgment in their favor.
 

 Plaintiffs Irene Fennessey and William J. Fennessey, her husband, sued for damages received by Irene Fennessey when she was struck by an automobile operated as a jitney bus by defendant George L. Manecis. At the time of the accident said plaintiff was in or near a safety zone on Market Street, in the city of San Francisco, at the southwest corner of Market and Tenth Streets. Defendant Thomas Foley, an employee of the defendant Pacific Gas & Electric Company, had parked a company truck in the space between the south curb and said safety zone near a pole of said company. By reason of the presence of this truck Manecis drove to the left of the safety zone.
 

 The parking of the truck between the safety zone and the curb was a violation of state law and municipal ordinance (sec. 138, Motor Vehicle Act, in force at the time of accident, September 22, 1934; now see. 586, Vehicle Code of 1935; art. V, sec. 35, San Francisco Traffic Ordinance), unless it was ‘ engaged in the necessary performance of emergency duties”. (Sec. 8, art. VII, Traffic Ordinance.) Foley testified that he was upon the working tower of the truck at the time of the accident. There was testimony of a disinterested witness that he was not upon said tower. Defendant Manecis testified that after the accident he went in search of Foley and could not locate him for a time. Another municipal ordinance provides that it shall be unlawful to drive to the left of a safety zone on Market Street from the Embarcadero to Van Ness Avenue. Tenth Street is within these limits. There was testimony that there was insufficient space to drive between the truck and the safety zone.
 

 Defendant Manecis defaulted. One of the contentions of defendants Pacific Gas
 
 &
 
 Electric Company and Foley was that the negligent manner in which Manecis operated the automobile after he was in the area to the left of the safety zone was the sole proximate cause of the accident. The jury returned a verdict against defendant Manecis and in favor of plaintiff for $15,000 damages. Said verdict makes no mention of the other defendants. The judgment entered by the
 
 *541
 
 clerk follows the verdict and likewise contains no reference to the other defendants, appellants herein.
 

 Thereafter appellants filed notice of a motion for an order directing the clerk to enter judgment in their favor. The plaintiffs filed notice of a motion for a retrial as to said appellants on the ground that the jury had failed to return a verdict either for or against them. Plaintiffs also filed a notice of intention to move for a new trial on usual statutory grounds in the event it should be held that the verdict and judgment were in favor of said defendants. The court granted plaintiffs’ motions, and denied defendants’ motion.
 

 It is necessary to determine whether a verdict has been returned in favor of the appealing defendants, since if there was a failure to find on the issue as to them a motion for a new'trial did not lie. (See. 656, Code Civ. Proc. ;
 
 Vitimin Milling Corp.
 
 v.
 
 Superior Court,
 
 1 Cal. (2d) 116 [33 Pac. (2d) 1016].)
 

 Ordinarily a verdict against one of several defendants is not a verdict in favor of those not mentioned.
 
 (Benson
 
 v.
 
 Southern Pac. Co.,
 
 177 Cal. 777 [171 Pac. 948];
 
 Bankin
 
 v.
 
 Central Pac. R. Co.,
 
 73 Cal. 93 [15 Pac. 57];
 
 Lloyd
 
 v.
 
 Boulevard Express,
 
 79 Cal. App. 406 [249 Pac. 837].) But this rule is subject to the qualification that a verdict may be construed with reference to the instructions pursuant to which it was rendered.
 
 (Snodgrass
 
 v.
 
 Rand,
 
 220 Cal. 446 [31 Pac. (2d) 198];
 
 Crain
 
 v.
 
 Sumida,
 
 59 Cal. App. 590 [211 Pac. 479];
 
 Chesapeake & O. Ry. Co.
 
 v.
 
 Booth,
 
 149 Ky. 245 [148 S. W. 61];
 
 Pittsburg Ry. Co.
 
 v.
 
 Darlington,
 
 129 Ky. 266 [111 S. W. 360];
 
 Durst
 
 v.
 
 Southern Ry. Co.,
 
 161 S. C. 498 [159 S. E. 844]; 27 R. C. L. 859; 64 C. J. 1066.)
 

 In instructing the jury in the case herein the court said:
 

 “There are three forms of verdict: one in favor of the plaintiffs and against the defendants Manecis, Foley and Pacific Gas & Electric Company; another form of verdict in favor of the plaintiffs and
 
 against Manecis alone;
 
 and a third form of verdict in favor of the defendants.
 

 “Now, as I have already told you, in the event that you find against Foley, that will mean also a verdict against the P. G. & E.; but in the event that you find Manecis alone was guilty of negligence,
 
 and that the action of Foley and the parked truck was not a proximate cause,
 
 then your verdict
 
 *542
 
 should be
 
 alone against Manecis.
 
 The other form of verdict, as I said, is in favor of the defendants.” (Italics ours.)
 

 The court plainly intended to submit to the jury all of the several forms of verdict which they might return. A verdict against Foley and the Pacific Gas & Electric Company, excluding Manecis, was not submitted for the reason that Manecis had defaulted. We think it too plain to be questioned that the court clearly and unequivocally told the jury that if they wished to find against Manecis alone, and in favor of the other defendants, they should return a verdict against Manecis alone. In the event the jury found that the parking of the truck was not a proximate cause, in which event Foley and the Pacific Gas & Electric Company were entitled to a judgment in their favor, the jury was to use the form of verdict against Manecis alone.
 

 After the jury had returned with its verdict and the foreman had handed it to the court the court said:
 

 “Now ladies and gentlemen of the jury, I did not give you a verdict in favor of the defendants—certain defendants. Do I understand correctly that by this form of verdict you intended to bring in no verdict against either Foley or the Pacific Gas & Electric Company?
 

 “A juror: That is right.
 

 “The Court: Is that correct?
 

 “A juror: That is correct.
 

 “The Court: Well, then, the jury will be excused until further notice from the presiding judge. ’ ’
 

 It is apparent that the judge questioned the jury for the very purpose of ascertaining that no issues remained undetermined—that the jury’s verdict passed upon the ease with reference to the Pacific Gas & Electric Company and Foley, as well as the defendant Manecis. If the answer of the jury had indicated that the case as to said defendants was undetermined, the court no doubt would have sent the jury back to pass upon the issues not determined. (See. 619, Code Civ. Proc.)
 

 In
 
 Crain
 
 v.
 
 Sumida,
 
 59 Cal. App. 590 [211 Pac. 479], the jury used one of several blank forms of verdict with which it was supplied. The verdict as returned was as follows: “We, the jury, find for plaintiff against defendant H. Sumida, and fix plaintiff’s damages for injury to his automobile in the sum of $1,150.00. We, the jury, find in favor of plaintiff for the loss of use of his automobile against said defend
 
 *543
 
 ant. H. Sumida, and fix plaintiff’s damages therefor in the sum of $300. And we further find in favor of defendant -that plaintiff take nothing.” The jury had written in the name of H. Sumida in two places in the above form, leaving blank the third space. It was held that in the light of the instructions the concluding sentence of the verdict was in favor of K. Sumida, the other defendant.
 

 Plaintiffs rely on
 
 Keller
 
 v.
 
 Smith,
 
 130 Cal. App. 128 [19 Pac. (2d) 541.] There the court submitted to the jury several forms of verdict with names already filled in, the jury to indicate its decision by signing the appropriate form or forms. The jury signed a form returning a verdict against the defendant Dykes. Immediately below the verdict signed by the jury was the following form:
 

 “We, the jury impanelled to try the above entitled cause, find for the defendants F. M. Keller and Eunice Keller.
 

 ii
 
 >_> J
 

 The jury failed to sign this form. It was held that a verdict had not been returned in favor of the Kellers. In the instant ease no form of verdict expressly providing for judgment for defendants Pacific Gas & Electric Company and Foley was submitted to the jury and left incomplete. In the circumstances herein the verdict, considered with reference to the instructions, is a verdict in favor of said defendants.
 

 It follows that the court erred in granting plaintiffs’ motion for a retrial as to the appealing defendants on the ground that the case remained open as to them. Plaintiffs also moved for a new trial, including as grounds therefor errors of law. Since the jury had determined the case as to said defendants, the motion for new trial lay. (Secs. 656, 659, Code Civ. Proc.) The order herein appealed from by its terms grants not only plaintiffs’ motion for retrial, but their motion for new trial. The intent of the judge no doubt was to protect plaintiffs in their right to a new trial as upon a verdict .in favor of appellants in the event it should be held that he erred in determining that no verdict had been returned.
 

 In their notice of intention to move for a new trial plaintiffs stated their intent to make said motion only in the event that the verdict and judgment already entered ‘ is to be or may be construed by the above entitled court, or
 
 *544
 
 assumed to be, a verdict in favor of” said defendants. The motions were submitted and acted on together. This notice is sufficient to support the order granted in the circumstances herein.
 

 Insufficiency of the evidence cannot be considered as a ground for new trial since the order did not specify such ground. (See. 657, Code Civ. Proc.) Errors in instructions, however, constitute errors in law, one of the grounds of motion herein, for which a new trial may be granted. Plaintiffs urge numerous errors in the instructions as to proximate cause. For example, the court instructed the jury, “Proximate . . . means the closest cause, the nearest cause that you can find, the cause, if we may say it that way, in closest proximity.” This was erroneous.
 
 (Hyer
 
 v.
 
 Inter-Insurance Exchange,
 
 77 Cal. App. 343, 347 [246 Pac. 1055]; 19 Cal. Jur. 559.) The court also gave the following instruction: “I just want to bring out the fact that here is your chain of causation, and if anything comes in between A and D to put a new light on things or to change the movement of things, that is an intervening cause.” Another instruction was as follows: “If you believe from the evidence that both defendants were negligent, and you further believe that the negligence of the defendant Manecis was an
 
 independent intervening act
 
 which was the efficient cause of the injury to plaintiff, then your verdict must be in favor of the Pacific Gas & Electric Company.” (Italics ours.) Proximate causation, it has been held, is not always arrested by the intervention of an independent concurring cause.
 
 (Merrill
 
 v.
 
 Los Angeles Gas & Elec. Co.,
 
 158 Cal. 499, 504 [111 Pac. 534, 139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559];
 
 McKay
 
 v.
 
 Hedger,
 
 139 Cal. App. 266, 275 [34 Pac. (2d) 221].)
 

 Whether misleading and confusing implications in these and other instructions were cured by the charge as a whole, was a matter for the discretion of the trial court. The granting or refusing of a new trial rests very largely in the discretion of the trial court, and its action will not be disturbed in the absence of a showing of manifest and unmistakable abuse of discretion.
 
 (Sheets
 
 v.
 
 Southern Pac. Co.,
 
 212 Cal. 509 [299 Pac. 71];
 
 Thompson
 
 v.
 
 California Const. Co.,
 
 148 Cal. 35 [82 Pac. 367];
 
 Manufacturers’ Finance Corp.
 
 v.
 
 Pacific Wholesale Radio, Inc.,
 
 130 Cal. App.
 
 *545
 
 239 [19 Pac. (2d) 1013];
 
 Babcock
 
 v.
 
 Pacific Gas & Elec. Co.,
 
 120 Cal. App. 218 [7 Pac. (2d) 736];
 
 Stoneburner
 
 v.
 
 Richfield Oil Co.,
 
 118 Cal App. 449 [5 Pac. (2d) 436].) The trial judge herein exercised his discretion in favor of plaintiffs. His order granting a new trial will not be disturbed on appeal.
 

 The order granting a retrial as to appellants on the theory that no verdict had been returned for appellants is reversed. The order refusing to direct entry of a judgment expressly in favor of appellants is affirmed, since a new trial has been granted. The order granting respondents’ motion for a new trial as to appellants is affirmed. Appellants shall bear costs.
 

 Houser, J., Curtis, J., Edmonds, J., Shenk, J., and Waste, C. J., concurred.
 

 Rehearing denied.