[Civ. No. 21488. First Dist., Div. One. Sept. 10, 1964.]

CHARLES M. FRANSEN et al., Plaintiffs and Respondents, v. WALLACE A. WASHINGTON, Defendant and Appellant.

Bronson, Bronson & McKinnon and Thomas F. Nelson for Defendant and Appellant.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Plaintiffs and Respondents.

MOLINARI, J.—Defendant, Wallace Washington, (hereinafter referred to as Washington), appeals from a judgment after a jury verdict against himself and defendant Effie B. Evans, (hereinafter referred to as Evans), and in favor of plaintiffs, Charles M. Fransen and John R. Sebok, (hereinafter referred to as Fransen and Sebok, respectively), for personal injury damages sustained by plaintiffs when a vehicle, owned by Washington and driven by Evans, collided with a vehicle driven by Fransen and in which Sebok was a passenger. The sole question presented is whether the trial court committed prejudicial error in refusing to submit to the jury a form of verdict to the effect that they could find in Washington's favor alone and against plaintiffs. We have concluded that, although the trial court should have submitted a verdict in this form, no prejudicial error resulted because the verdict returned by the jury, in the light of the entire record, was responsive to the pleadings, the evidence and the trial court's instructions.

The instant case proceeded to trial against Washington on the issues of negligence, proximate cause, damages, imputed negligence and permissive use, and against Evans as to the amount of damages to be assessed, her default for not answering the complaint having been entered. Washington does not contend that the evidence was insufficient to establish that Evans was negligent, nor does he assert that the damages awarded are excessive. It is his contention that the evidence was such that the jury could have found he was not liable because Evans was driving without his permission, and that the absence of a form of verdict absolving him individually denied him his right to have the jury pass upon the issue in the case relating to his liability. A review of the record discloses that the jury would have been justified in finding for Washington on the issue of permissive use upon his testimony that Evans had never driven the car but merely steered it on one occasion while he was operating it; that the subject of permitting her to use his automobile had never been discussed

between them; that on the night of the accident he had fallen asleep in Evans' apartment; that she took the keys to his car from his coat pocket and left without asking or receiving permission to use the car; that he was not aware she was going out that night; and that he did not know she had taken the car until after the accident.[1]

Upon the conclusion of its charge to the jury the trial court stated as follows: "The clerk has prepared a number of forms of verdict which cover any possible form of verdict which you may arrive at in this case. . . ." The court then read, in sequence, the 8 separate forms of verdict which we set out in the footnote.[2] Upon completion of the reading of these forms the trial court stated: "Those are the forms of any possible verdict to which you can agree in this case."

---

[1]The conflicting evidence which justified the jury in finding against Washington on the issue of permissive use is substantially the following: the close relationship between Washington and Evans; testimony by Evans that on one prior occasion she had driven Washington's automobile while he was in the car; her testimony that on the night of the accident Washington knew she was going out and asked her to bring some food back for him; and her testimony that she told Washington she was going out for a ride to pick up some food for him.

[2]For reference convenience we affix a number to each of the forms of verdict.

(1) "We the jury in the above-entitled cause find a verdict in favor of the plaintiff, Charles M. Fransen, and against the defendant, Effie B. Evans, in the sum of $___. . . ."

(2) "We, the jury in the above-entitled cause find a verdict in favor of the plaintiff John R. Sebok, and against the defendant, Effie B. Evans, in the sum of $___. . . ."

(3) "We the jury in the above-entitled cause find a verdict in favor of the plaintiff, Charles M. Fransen, and against the defendants Effie B. Evans and Wallace A. Washington, in the sum of $___. . . ."

(4) "We the jury in the above-entitled cause find a verdict in favor of the plaintiff John R. Sebok, and against the defendants Effie B. Evans and Wallace A. Washington, in the sum of $___."

(5) "We the jury in the above entitled cause find a verdict in favor of the defendant Effie B. Evans, and against the plaintiff Charles M. Fransen. . . ."

(6) "We the jury in the above-entitled cause find a verdict in favor of the defendant Effie B. Evans and against the plaintiff John R. Sebok."

(7) "We the jury in the above-entitled cause find a verdict in favor of the defendants Effie B. Evans and Wallace A. Washington, and against the plaintiff Charles M. Fransen."

(8) "We the jury in the above-entitled cause find a verdict in favor of the defendants Effie B. Evans and Wallace A. Washington, and against the plaintiff, John R. Sebok. . . ."

It is apparent that no forms of verdict were supplied the jury to apply in a situation where they found in favor of Washington alone as against plaintiffs, although such forms were submitted with respect to Evans.[3]

The general rule is that verdict forms should be worded in such a manner that the jury may make its verdict conform to any one of the possible conclusions at which they may arrive. (*Crain* v. *Sumida,* 59 Cal.App. 590, 592 [211 P. 479].) Defects in the form of a verdict may render it informal or insufficient. (*Crowe* v. *Sacks,* 44 Cal.2d 590, 596 [283 P.2d 689]; *Estate of Woehr,* 166 Cal.App.2d 4, 12 [332 P.2d 818].) If the form of a verdict is defective the complaining party must object in the lower court, since the failure to so object results in a waiver of any defect of form. (*Hercules etc. Co.* v. *Automatic etc. Corp.,* 151 Cal.App.2d 387, 401 [311 P.2d 907]; *Lynch* v. *Birdwell,* 44 Cal.2d 839, 851 [285 P.2d 919]; *County of Humboldt* v. *Shelly,* 220 Cal. App.2d 194, 200 [33 Cal.Rptr. 758].)[4] It is also the rule that in construing a verdict reference may be made to the pleadings, the evidence and the court's instructions. (*Fairfield* v. *Hamilton,* 206 Cal.App.2d 594, 605 [24 Cal.Rptr. 73]; *Snodgrass* v. *Hand,* 220 Cal. 446, 448-449 [31 P.2d 198]; *Irelan-Yuba etc. Min. Co.* v. *Pacific Gas & Elec. Co.,* 18 Cal.2d 557, 570 [116 P.2d 611].) As was stated in *Crain:* "In determining the sufficiency of the verdict the entire record should be searched and all the parts interpreted together, so that if possible a deficiency in one place may be cured by what appears in another." (P. 593.) Accordingly, it is the rule that all reasonable inferences will be indulged in on appeal to support, rather than defeat, a jury's verdict and the judgment rendered thereon. (*Fairfield* v. *Hamilton, supra,* at p. 605; *Snodgrass* v. *Hand, supra,* at p. 449.)

In the case at bench the trial court erred in refusing to submit a form of verdict which would have exonerated Washington alone. Under the evidence, the jury could have

---

[3]Forms 5 and 6.

[4]In the present case, after the court read the possible verdicts to the jury, counsel for Washington approached the bench but the resulting consultation was not recorded. In his affidavit on motion for a new trial, counsel for Washington avers that he objected to the lack of a verdict form for Washington alone at the time he consulted with the court and that the objection was overruled by the court. Since this averment is not challenged by opposing counsel, we must presume that counsel for Washington made his objection to the verdict forms in the court below, and therefore preserved his right to attack the forms on this appeal.

found that Evans was liable but Washington was not. The error, however, was not prejudicial. The forms of verdict adopted by the jury clearly show that they intended to hold both Washington and Evans liable to each of the plaintiffs.[5] From the use of these forms it is obvious that they did not intend to exonerate either Washington or Evans. This conclusion is fully justified by the record considered in the light of the pleadings,[6] the evidence hereinbefore summarized, and the court's instructions, and accords with the rule that verdicts are to receive, if possible, such a construction as will uphold rather than defeat them.

The trial court gave several instructions bearing upon the issues of negligence and proximate cause, and then gave the following instruction: "The defendant Effie Evans did not answer the Complaint within the time allowed by law in this case and her default has been duly entered. Accordingly the only issue as to this defendant is the amount of damages, if any, which should be awarded against her in accordance with the rules as to damages which I shall hereafter give you, for any injury or detriment proximately caused by her negligence." Following this instruction the court then instructed as follows: "Although the defendant Wallace A. Washington was the owner of the vehicle that was being used by the defendant Effie B. Evans, and which was involved in the accident in question, said owner denies that the vehicle was then being used with his permission. Thus, one of the issues that you must determine is this question of permission. *If you find that at the time of the accident defendant, Effie B. Evans did not have the permission of the defendant Wallace A. Washington to use the vehicle, then the defendant Wallace A. Washington is entitled to a verdict in his favor, regardless of what your decision may be as to the other defendant.* But if you find that the vehicle used by the defendant Effie B. Evans was being used with the permission, express or implied, of the defendant Wallace A. Washington, then if the defendant Effie B. Evans is liable, so is the defendant Wallace A. Washington." (Italics added.) It is clear from these instructions that the jury was apprised it could find in favor of Washington, even though it found against Evans, if it

---

[5]The jurors used forms 3 and 4 in returning their verdicts.

[6]The pleadings and pretrial order delineate the issues to be negligence; proximate cause; damages; the imputed negligence of Washington; and whether Evans was operating Washington's automobile with his permission, consent and knowledge.

found that she did not have his permission to use the vehicle. It is highly improbable that the jury would ignore this instruction respecting the vital issue of permissive use in view of the accent put upon it in the opening statements of counsel for both parties,[7] and the evidence adduced with respect thereto.

Washington argues that the trial court's instructions had the effect of compounding the error rather than curing it. He asserts that the court's instructions eliminated the issues as to whether Evans was negligent and whether her negligence was the proximate cause of the accident and plaintiffs' injuries.[8] While it is true that the trial court instructed that the only issue as to Evans was the amount of damages, this instruction did not eliminate the issue of Evans' negligence and proximate cause insofar as Washington was concerned. These issues were tendered by his pleadings and considerable evidence was adduced at the trial on the issue of Evans' negligence. Under the posture in which the case was tried, and the court's instructions, there can be no doubt that the jury understood that it could find against Washington only if it found that Evans was negligent, that her negligence was a proximate cause of the accident, and that she was driving the vehicle with Washington's consent and permission. The jury was specifically instructed as follows: "The law provides that when the owner of a motor vehicle expressly or impliedly gives his permission to another to use the vehicle, any negligence on the part of the person so using it shall be imputed to the owner for all purposes of civil damages." The trial court defined negligence and proximate cause and further instructed the jury that "The question in this case for you to determine before any liability can be fastened upon the defendant is the question of negligence; and this question you are to resolve upon a consideration of all the facts and evidence in the case."

We are further persuaded in our conclusion that the jury was not confused or misled by the fact that the court gave the following instruction: "Although there are two

<hr>

[7]The arguments of counsel have not been made a part of the record on appeal, but in view of the statements of counsel, the evidence adduced, and the fact that instructions were given on the subject, it may be assumed that counsel argued this issue.

[8]It is to be here noted that Evans' default was not binding upon Washington in respect to the issues of negligence and proximate cause. (See *Deorosan* v. *Haslett Warehouse Co.,* 165 Cal.App.2d 599, 619 [332 P.2d 422].)

defendants in this action, it does not follow from that fact alone that if one is liable, both are liable. Each is entitled to a fair consideration of his own defenses and is not to be prejudiced by the fact, if it should become a fact, that you find against the other. The instructions given govern the case as to each defendant to the same effect as if he were the only defendant in the action, and regardless of whether reference is made to defendant or defendants in the singular or plural form." We are not unmindful that in *Keller* v. *Smith*, 130 Cal.App. 128 [19 P.2d 541], relied upon by Washington, the reviewing court held that such instruction does not aid in construing a verdict in the absence of some expression therein showing the intention of the jury. *Keller* involved an action against two defendants who had separately answered. The jury returned a verdict in favor of the plaintiff against one of the defendants without finding for or against the other defendant. The reviewing court, in rejecting the contention that the verdict in question could be construed as being in favor of the defendant not mentioned therein, relied on the well-settled rule that a verdict against one of two defendants but which is silent as to the other defendant is not a verdict in favor of the latter but is merely a failure on the part of the jury to find upon all of the issues. (See *Irelan-Yuba etc. Min. Co.* v. *Pacific Gas & Elec. Co.*, supra, 18 Cal.2d 557, 570; *Fennessey* v. *Pacific Gas & Elec. Co.*, 10 Cal.2d 538, 541 [76 P.2d 104].) The rationale of the *Keller* case is that the intention of the jury must be expressly declared and not left to inference or presumption, and that where it is not expressly declared in reference to any one of several defendants it must be taken that the jury has failed to pass upon that particular issue.

In *Crain* v. *Sumida, supra,* 59 Cal.App. 590, after finding for the plaintiff and against one of two defendants, and fixing the amount of damages, the verdict concluded as follows: " 'And we further find in favor of defendant ———— that plaintiff take nothing.' " (P. 593.) The appellate court held that the intention of the jury to find in favor of the defendant whose name was not inserted appeared from the record since there were but two defendants, and, after finding against one of them, the jury found in favor of the other whose name was plain although not inserted in the blank provided therefor. It is apparent that the distinction between *Keller* and *Crain* lies in the absence, in the former, of any expression on the part of the jury which requires or permits any addition

by construction. Such an expression is not absent in the case at bench. By its verdict the jury made reference to both defendants in the case and expressly found against them. Such a verdict not only expresses the intention of the jury to find against both Washington and Evans, but it permits of such a construction when referred to the instructions pursuant to which it was rendered. Accordingly, if it was the jury's intention to find against both defendants the form used by them as their verdict in the present case was the proper one because it clearly expresses such intention. Therefore, the failure to furnish the jury with a form finding for Washington alone was not fatal because the jury was not called upon to use such form. It should be noted, moreover, that had the jury returned the verdict forms in favor of Evans alone in the instant case Washington would have cause to complain under the aforementioned rule that a verdict which makes a determination as to one of two defendants, but is silent as to the other, amounts to a failure to find on a material issue. In this eventuality the court would have had the opportunity to instruct the jury to retire and to make its finding with respect to Washington pursuant to section 619 of the Code of Civil Procedure,[9] and to provide it with the necessary and proper verdict forms upon which to make such finding. The trial court retains control over the proceedings with the power to procure correction of informal or insufficient verdicts until the verdict is recorded and the jury is finally discharged. (*Sparks* v. *Berntsen,* 19 Cal.2d 308, 313-314 [121 P.2d 497] ; *Brown* v. *Regan,* 10 Cal.2d 519, 524 [75 P.2d 1063] ; see also *Crowe* v. *Sacks, supra,* 44 Cal.2d 590, 598; Code Civ. Proc., § 618.)

The cases of *Rankin* v. *Central Pacific R.R. Co.,* 73 Cal. 93 [15 P. 57], and *Freeby* v. *Town of Sibley,* 183 Iowa 827 [167 N.W. 770], also cited by Washington, are likewise distinguishable. In *Rankin,* as in *Keller,* the verdict in an action against two alleged tortfeasors found against one defendant but was silent as to the other. In *Freeby,* the action was one for wrongful death against two defendants. The trial court submitted two forms of verdict to the jury, one finding for the plaintiff against both defendants, and one for both defendants against the plaintiff. The jury returned a verdict for the de-

_____

[9]Code Civ. Proc., § 619, provides: ''When the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.''

fendants using the latter form. In reversing the judgment pursuant to such verdict, the reviewing court did so upon the basis that the jury could have found for the plaintiff against one of the defendants and that no instructions were given informing the jury that it could find for the plaintiff against one of the codefendants individually. The appellate court there noted that although the better practice required the submission to the jury of forms of verdict adapted to the various findings which the jury could properly return under the issues tried, the failure to submit such forms was not necessarily fatal as long as clear and specific instructions were given to the jury as to the various findings which could be made, and sufficient information was imported to enable it to frame its own verdict.

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.